STATE of Missouri, ex rel., the
MISSOURI DIRECTOR OF
REVENUE, Appellant,

v.

James B. DEUTSCH, Commissioner,
Administrative Hearing Commission
of Missouri, Respondent.

No. WD 40185.

Missouri Court of Appeals,
Western District.

May 31, 1988.

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for appellant.

Richard L. Petrofsky, St. Louis, for respondent.

Before MANFORD, J.P., and TURNAGE and COVINGTON, JJ.

COVINGTON, Judge.

The Missouri Director of Revenue (Director) appeals from an order of the Circuit Court of Cole County denying the Director's petition for a writ of prohibition and quashing a preliminary rule in prohibition issued against the Administrative Hearing Commission (Commission). The judgment is affirmed.

The Director issued a personalized license plate to Mary E. Carr in June of 1986. Pursuant to § 301.144.1, RSMo 1986, which prohibits issuance of license plates containing any profane or obscene word or phrase, and the regulation interpreting the statute, which forbids issuance of personalized license plates bearing language which could be considered "profane, obscene, inflammatory or patently offen-

sive ... or otherwise conflicting with an overriding public policy", 12 CSR 10–23.-100(6) (1984), the Director issued a letter to Ms. Carr demanding return of the license plate. The letter advised Ms. Carr of her right to appeal the Director's decision to the Commission if she believed herself to be adversely affected by the decision.

Ms. Carr filed a petition for review with the Commission. The Director moved to dismiss the petition asserting that the Commission lacked jurisdiction over the subject matter. The Commission denied the Director's motion to dismiss and scheduled a hearing.

The Director petitioned for a writ of prohibition in the Circuit Court of Cole County; he alleged that the Commission had no authority to accept or entertain any dispute between an individual and the Director not involving a tax matter. The court issued a preliminary rule in prohibition but subsequently entered an order denying prohibition and quashing the preliminary rule.

The sole question presented is whether the Commission has jurisdiction to hear an appeal from a decision of the Director of Revenue recalling a personalized license plate issued under § 301.144, RSMo 1986.

"Being a creature of statute, the Administrative Hearing Commission has no more and no less authority than that granted it by the legislature...." *State Board of Registration for the Healing Arts v. Masters*, 512 S.W.2d 150, 161 (Mo.App.1974). The authority of the Commission to hear cases based upon decisions of the Director of Revenue is set forth in § 621.050, RSMo 1986:

1. Except as otherwise provided by law, any person or entity shall have the right to appeal to the administrative hearing commission from any finding, order, decision, assessment or additional assessment made by the director of revenue. Any person or entity who is a party to such a dispute shall be entitled to a hearing before the administrative hearing commission by the filing of a petition with the administrative hearing commission within thirty days after the

decision of the director is placed in the United States mail or within thirty days after the decision is delivered, whichever is earlier. The decision of the director of revenue shall contain a notice of the right of appeal in substantially the following language:

If you were adversely affected by this decision, you may appeal to the administrative hearing commission. To appeal, you must file a petition with the administrative hearing commission within thirty days after the date this decision was mailed or the date it was delivered, whichever date was earlier. If any such petition is sent by registered mail, it will be deemed filed on the date it is mailed; if it is sent by any method other than registered mail, it will be deemed filed on the date it is received by the commission.

2. The procedures applicable to the processing of such hearings and determinations shall be those established by chapter 536, RSMo. The administrative hearing commission shall maintain a transcript of all testimony and proceedings in hearings governed by this section, and copies thereof shall be made available to any interested person upon the payment of a fee which shall in no case exceed the reasonable cost of preparation and supply. Decisions of the administrative hearing commission under this section shall be binding subject to appeal by either party. In the event the taxpayer prevails in any dispute under this section, interest shall be allowed at the rate of six percent per annum upon the amount found to have been wrongfully collected or erroneously paid except for taxes paid under protest and held by the director in a special deposit which shall be paid as specified by section 144.700, RSMo. In any proceeding before the administrative hearing commission under this section the burden of proof shall be on the taxpayer except for the following issues, as to which the burden of proof shall be on the director of revenue:

(1) Whether the taxpayer has been guilty of fraud with attempt to evade tax;

(2) Whether the petitioner is liable as the transferee of property of a taxpayer (but not to show that the taxpayer was liable for the tax); and

(3) Whether the taxpayer is liable for any increase in a deficiency where such increase is asserted initially after the notice of deficiency was mailed and a protest filed, unless such increase in deficiency is the result of a change or correction of federal taxable income required to be reported by the taxpayer, and of which change or correction the director of revenue had no notice or knowledge at the time he mailed the notice of deficiency.

The Director contends that the statute, when read as a whole, authorizes the Commission to hear cases involving tax matters only.

To discern the true intention of the legislature, the court must give a reasonable interpretation in light of the legislative objective. Provisions of the entire legislative act must be construed together. *Collins v. Director of Revenue*, 691 S.W.2d 246, 251 (Mo. banc 1985).

Subsection 2 refers specifically to "the taxpayer" in providing for payment of interest in certain circumstances and in allocating the burden of proof in proceedings before the Commission. Subsection 1, however, provides that "any person or entity" shall have the right to appeal to the Commission "from any finding, order, decision, assessment or additional assessment made by the director of revenue."

An interpretation of the language of subsection 1 which does not limit the Commission to hear matters involving taxpayers only is consistent with the legislative objective of the bill which originally enacted § 621.050. The statute was included in an act, the purpose of which was to provide "for a more uniform procedure for administrative review by the administrative hearing commission of disputes involving certain state agencies." L. 1978, S.B. 661, P. 441. It is notable that within the enacting clause the legislature did not qualify the word "disputes" with any adjective of limitation, yet the legislature did limit the pro-

visions of the act to "certain" state agencies.

Moreover, in construing subsection 1 and subsection 2 together, full effect may be given to the narrower provisions of subsection 2 without limiting the broader language of subsection 1. Conversely, if the Director's interpretation of subsection 1 is used, the court would necessarily have to assume that the legislature, when drafting this legislation, was unaware of the scope of the director's decision-making authority. In construing a statute to determine legislative intent, however, a court must presume that the legislature acted with full awareness and complete knowledge of the current state of the law. *Holt v. Burlington Northern R. Co.*, 685 S.W.2d 851, 857 (Mo.App.1984). This court, therefore, presumes that the legislature was aware of the director's authority over matters involving licensing of motor vehicles.

Under § 621.050.1 the Administrative Hearing Commission is authorized to hear an appeal from a decision of the Director of Revenue recalling a personalized license plate issued under § 301.144, RSMo 1986.

The judgment is affirmed.

All concur.