**Mary E. CARR, Appellant,**

v.

**DIRECTOR OF REVENUE,
Respondent.**

**No. WD 42820.**

Missouri Court of Appeals,
Western District.

Sept. 18, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Oct. 30, 1990.

Application to Transfer Denied
Dec. 18, 1990.

Richard C. Petrofsky, ACLU, Eastern Mo., St. Louis, for appellant.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and MANFORD and BERREY, JJ.

TURNAGE, Presiding Judge.

Mary E. Carr appeals from the decision of the Administrative Hearing Commission which upheld a decision by the Director of Revenue to require Carr to surrender her personalized motor vehicle license plate bearing the words "ARYAN-1." Carr contends the Director acted under a void regulation because it is contrary to the statute. Reversed.

Up to this point this case represents a four year controversy between the Director and Carr over her license plate. In June of 1986, the Director issued the personalized plate in question to Carr. In September of 1986, the Director received a complaint from a citizen about the word "ARYAN" appearing on Carr's license plate. On September 18, 1986, the Director wrote Carr and stated that the Director did not issue motor vehicle license plates if the letters or symbols thereon are obscene, profane or constitute fighting words. The letter stated that the word "ARYAN" on Carr's plate constituted a fighting word and directed Carr to surrender the plate. The letter further advised Carr that this was a final decision and if Carr wanted to appeal she was required to appeal to the Administrative Hearing Commission.

Carr timely filed an appeal with the Administrative Hearing Commission, whereupon the Director filed a motion to dismiss the appeal on the ground that jurisdiction of the appeal did not lie with the Commission. When that motion was overruled, the Director filed a petition for a writ of prohibition in the Cole County Circuit Court to prohibit the Commission from hearing the appeal. The court denied the writ and the Director appealed to this court. In *State ex rel. Missouri Director of Revenue v. Deutsch,* 751 S.W.2d 132 (Mo.App.1988), this court held that the Commission had jurisdiction of Carr's appeal.

The Director thereupon abandoned his position that the word "ARYAN" constituted a fighting word and urged instead that 12 CSR 10–23.100(6) prohibited the issuance of personalized plates containing any profane, obscene, inflammatory or patently offensive word or phrase or otherwise conflicting with an overriding public policy. The Director argued that the word "ARYAN" had been utilized by the Nazis during World War II to describe a superior race and for that reason the word conflicted with the overriding public policy of this state which prohibits discrimination against any person.

Carr challenged the regulation as being contrary to § 301.144, RSMo 1986, which authorizes the issuance of personalized license plates. The Commission took the position that it had no jurisdiction to pass on the validity of the regulation and was therefore required to apply the regulation as written. The Commission found the word "ARYAN" to conflict with an overriding public policy and sustained the decision of the Director.

On this appeal Carr renews her attack on the regulation as being broader than the statute and the State renews its contention that the word "ARYAN" appearing on Carr's plate is an indirect endorsement by the State of discrimination.

■ Section 301.144 authorized the Director to establish and issue special personalized license plates. The section provides:

The director of revenue shall issue rules and regulations establishing the procedure for application for and issuance of the special personalized license plates and shall provide a deadline each year for the applications.... No two owners shall be issued identical plates and no plates shall be issued containing any profane or obscene word or phrase.

12 CSR 10–23.100(6) provides:

No two (2) owners shall be issued identical plates; and no plates shall be issued containing or suggesting any profane, obscene, inflammatory or patently offensive word or phrase or otherwise conflicting with an overriding public policy.

In *Parmley v. Missouri Dental Bd.*, 719 S.W.2d 745, 755[5] (Mo. banc 1986), the court stated:

The well-established rule is that regulations may be promulgated only to the extent of and within the delegated authority of the statute involved. When there is a direct conflict or inconsistency between a statute and a regulation, the statute which represents the true legislative intent must necessarily prevail. (citations omitted).

The question becomes whether the regulation is within the delegated authority of the statute or whether there is a conflict or inconsistency between the statute and the regulation.

The statute grants to the Director the authority to issue rules and regulations "establishing the procedure for application for and issuance of the special personalized plates and shall provide a deadline each year for the applications." It is clear from the statute that the rules and regulations which the Director may issue relate only to the procedures for the application and issuance of plates. Obviously, there are procedures necessary to be established for the making of applications, the timing of applications, and other details which must be supplied by regulation in order to have an orderly process by which persons desiring personalized plates may obtain them. It was these matters that were entrusted to the Director to regulate by regulations. There is nothing in the statute which can be read as giving the Director authority to adopt a regulation concerning the words or figures which are to appear on the plate.

■ The statute explicitly provides that "no plate shall be issued containing any profane or obscene word or phrase." The statute contains no other restriction on the words, letters, or numbers that may appear on the plate. Nor does the statute authorize the Director to adopt any regulation concerning what may appear on the plate.

The conclusion is inescapable that the legislature imposed the only limitation on what may appear on the plate when it provided that no profane or obscene word or phrase could appear. When the Director went beyond profane or obscene words or phrases and purported to prohibit inflammatory words or phrases or other words conflicting with an overriding public policy he went beyond the authority granted in § 301.144. The result is that the part of 12 CSR 10–23.100(6) which prohibits a word or phrase conflicting with an overriding public policy is void.

This case does not turn on a question of discrimination or whether the word "ARYAN" boasts of a superior race. This case simply involves the question of whether the regulation adopted by the Director was within the delegated authority of the statute. This court finds that the regulation is not within the authority granted to the Director, but is in direct conflict with the statute. Therefore, the decision of the Commission is not authorized by law and must be reversed. Section 621.193, RSMo 1986.

The decision of the Commission is reversed and this cause is remanded to the Commission with directions to enter a decision ordering the Director to rescind his decision of September 18, 1986, which required Carr to surrender her personalized plate.

All concur.