Connie BENEDICT, et al., Plaintiffs,

v.

LaSALLE STREET FUND, INC., Respondent,

v.

DENNY'S INC., and WDH Services, Inc., Appellants.

No. WD 45165.

Missouri Court of Appeals, Western District.

Aug. 4, 1992.

Rehearing Denied Sept. 29, 1992.

Thomas Roy Larson, Kansas City, for appellants.

James W. Benjamin, Kansas City, for respondent.

Before ULRICH, P.J., and SHANGLER and FENNER, JJ.

FENNER, Judge.

Appellants, Denny's Inc. and WDH Services, Inc., third party defendants below, appeal a judgment entered in favor of respondent, LaSalle Street Fund, Incorporated (LaSalle), third party plaintiff below, on LaSalle's third-party claim for indemnification.

The facts giving rise to the underlying cause of action began on May 30, 1986, at approximately 7:30 a.m., when Connie Benedict was injured after she slipped and fell in a puddle of grease located on the floor of a main storeroom in a shopping mall known as Independence Center. The aisle where Benedict fell was adjacent to individual locker spaces leased to certain tenants of Independence Center. The grease had apparently seeped out into the aisle from a locker leased to a tenant known as Cy's Hamburgers and Chicken. At the time of her accident, Benedict was employed by Winchell's Donuts, a tenant of Independence Center. When Benedict slipped and fell, she was in the process of returning to Winchell's from the Winchell's locker which is also located in the storeroom.

Benedict brought an action for personal injury against LaSalle, the owners and operators of Independence Center. In response, LaSalle brought a third-party action against Denny's Inc., the parent company of WDH Services, Inc., which does business as Winchell's Donuts.[1] LaSalle claimed that its lease agreement with Winchell's allocated the risk of this injury to Winchell's. In response to a motion filed by LaSalle, the trial court entered a Partial Summary Judgment which, in pertinent part, ordered Winchell's to indemnify LaSalle "against any judgment rendered in favor of [Benedict] in [her] action." The trial court subsequently entered a final judgment, which found Benedict's claims had been resolved, and dismissed with prejudice Benedict's claim against LaSalle. Additionally, LaSalle was awarded expenses and attorney's fees due under the Order of Summary Judgment.

Winchell's appeals alleging as error the portion of the trial court's order of summary judgment which granted indemnity to LaSalle. However, for purposes of this appeal, it will not be necessary to discuss the merits of Winchell's appeal.

As previously stated, the partial summary judgment, of which Winchell's complains, ordered Winchell's to indemnify LaSalle "against *any judgment* rendered in favor of [Benedict] in [her] action." (emphasis added). The final order dismissed with prejudice Benedict's claim against LaSalle. Benedict does not appeal that dismissal nor does Winchell's. Winchell's appeals solely to argue trial court error in ordering it to indemnify LaSalle should a judgment be rendered in favor of Benedict and against LaSalle on Benedict's claim for personal injury.

The record before this court contains no evidence from which the circumstances surrounding the dismissal of LaSalle can be determined. However, what is capable of determination is that pursuant to Rule 67.-03, "[a] dismissal with prejudice bars the assertion of the same cause of action or claim against the same party." Thus, in accordance with Rule 67.03, Benedict is precluded from ever again bringing a cause of action against LaSalle. The significance of this dismissal to the present appeal lies

---

1. For the sake of simplicity and for purposes of this appeal, appellants refer to Denny's Inc., WDH Services, Inc., and Winchell's Donuts collectively as Winchell's. This court will do likewise.

in the fact that, pursuant to the order of partial summary judgment, Winchell's was directed to indemnify LaSalle against any judgment rendered against LaSalle in Benedict's action. By virtue of the dismissal with prejudice, there has been no judgment rendered against LaSalle nor will there be a future judgment for which Winchell's could be obligated to indemnify LaSalle. Thus, from the record before this court, it appears Winchell's has no basis for complaint and for that reason, its appeal herein is dismissed.

All concur.