**DENNY'S INC., WDH Services, et al., Appellants,**

v.

**AVESTA ENTERPRISES, LTD., et al., Respondents.**

**No. WD 48720.**

Missouri Court of Appeals, Western District.

July 12, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 30, 1994.

Application to Transfer Denied Oct. 25, 1994.

---

Thomas Roy Larson, Kansas City, for appellant.

David Roy Buchanan, Kansas City, for respondent.

Before TURNAGE, P.J., and FENNER and HANNA, JJ.

FENNER, Judge.

Appellants, Denny's, Inc. (Denny's), WDH Services, Inc., d/b/a Winchell's Donuts (Winchell's), and LaSalle Street Fund, Inc. (LaSalle), appeal the trial court's order sustaining the motion for summary judgment filed by respondents, Avesta Enterprises, Ltd., d/b/a Sy's Hamburgers and Chicken, and Saeed Avesta, d/b/a Sy's Hamburgers and Chicken (hereinafter collectively referred to as Sy's). This appeal concerns whether respondents are liable for indemnification for damages paid by appellants to Connie Benedict, an employee of Winchell's who was injured while at work.

## I. THE UNDERLYING LAWSUIT

On May 30, 1986, Connie Benedict was injured in the course of her employment at

Winchell's when she slipped and fell on cooking grease in the tenants' storeroom at Independence Mall where Winchell's and Sy's, among other tenants, leased storage space. Winchell's was a tenant at Independence Mall pursuant to a lease between LaSalle, the owner of the mall, and Denny's, the parent company of WDH Services, Inc., which does business as Winchell's. The cooking grease apparently originated from a storage unit leased by Sy's, another tenant of LaSalle.[1]

Benedict filed a workers' compensation claim against Winchell's for her injuries and also filed a civil lawsuit in the Circuit Court of Jackson County, Missouri against LaSalle, alleging LaSalle's negligence in failing to properly maintain the common area in the tenants' storeroom. LaSalle then filed a third party claim for indemnification against Denny's and Winchell's based on the lease agreement with Denny's.[2] The civil lawsuit (the underlying action) was styled *Benedict v. LaSalle Street Fund, Inc. v. Denny's, Inc. and WDH Services, Inc.*

In the underlying action, the court granted LaSalle's motion for partial summary judgment and ordered that Denny's and Winchell's "shall and will indemnify LaSalle Street Fund, Incorporated against any judgment rendered in favor of [Benedict], shall pay the cost of retention of legal counsel, investigation costs, and all other reasonable costs, expenses and liabilities heretofore and hereafter incurred in defense of [Benedict's] case and the reasonable expenses of attorney's fees and disbursements incurred in prosecuting the third-party petition with interest as provided by law."

After the court's partial summary judgment order, entered on May 31, 1989, Den-

ny's took over LaSalle's defense. The record in the case at bar reflects that Benedict settled her claim against LaSalle when Denny's paid Benedict $10,000 and Winchell's agreed to waive its $23,923.89 workers' compensation lien. As part of the settlement of the underlying action, Benedict executed a general release of all claims discharging LaSalle, Denny's, and Winchell's "and all other persons, firms and corporations, both known and unknown, of and from any and all claims ... arising out of or concerning the occurrence on or about May 30, 1986." An order of final judgment was entered on April 16, 1991, dismissing the underlying action with prejudice and awarding LaSalle $10,165.16 in attorney's fees and expenses from Denny's and Winchell's.

Denny's and Winchell's appealed the judgment entered in favor of LaSalle on LaSalle's third party claim for indemnification. They alleged as error the portion of the trial court's order of summary judgment which granted indemnity to LaSalle. This court, however, in *Benedict v. LaSalle Street Fund, Inc.*, 841 S.W.2d 686, 688 (Mo.App.1992), dismissed the appeal. We noted that the partial summary judgment of which Denny's and Winchell's complained, ordered Denny's and Winchell's to indemnify LaSalle "against *any judgment* rendered in favor of [Benedict] in [her] action." *Id.* at 687 (emphasis in original). The final order dismissed with prejudice Benedict's claim against LaSalle. *Id.* at 687. We found that, pursuant to Rule 67.03, "[a] dismissal with prejudice bars the assertion of the same cause of action or claim against the same party." *Id.* at 687. Under Rule 67.03, Benedict is precluded from ever again bringing a cause of action against LaSalle. *Id.* at 687. We concluded that by virtue of the dismissal with prejudice, "there

---

1. On November 9, 1990, appellants gave Sy's notice of a claim and demand for indemnification concerning Benedict's accident.

2. Article 20 of the lease agreement between LaSalle and Denny's states:

   Excluding gross negligence or willful misconduct on the part of the indemnitee, Tenant shall and will indemnify and save harmless Landlord, Sears, Roebuck and Co., Stix, Baer and Fuller, and Macy, their agents, officers and employees, from and against any and all liability claims, demands, damages, expenses,

fees, fines, penalties, suits, proceedings, actions, and causes of action of any and every kind and nature arising or growing out of or in any way connected with Tenant's use, occupancy, management or control of the leased premises and/or Tenant's operations or activities in the Shopping Center. This obligation to indemnify shall include the retention of reasonable legal counsel and investigation costs and all other reasonable costs, expenses and liabilities.

has been no judgment rendered against La-Salle nor will there be a future judgment for which Winchell's [and Denny's] could be obligated to indemnify LaSalle." *Id.* at 688. Furthermore, the record in *Benedict* contained no evidence of a settlement or the terms thereof. *Id.* at 687. Because Denny's and Winchell's had no basis for complaint, we dismissed the appeal. *Id.* at 688.

## II. THE PRESENT APPEAL

### A. *Appellants' Suit for Indemnification*

On August 28, 1991, appellants filed a Petition for Indemnification against Sy's. An amended petition was filed on April 6, 1992. In their petition, appellants alleged that Benedict slipped on grease that leaked from the storage unit leased by Sy's, that pursuant to the Lease Agreement between LaSalle and Sy's, Sy's is required to indemnify LaSalle against any and all liability, claims, and expenses arising out of Sy's use of the leased premises,[3] that Sy's retained exclusive control over its storage unit and therefore owed a duty of care to keep it maintained, that Sy's failed to maintain its storage unit and allowed cooking grease to leak which created a dangerous condition on the floor where Benedict slipped, and that as a result of Sy's negligence, Benedict sustained personal injuries. The petition further alleged that "Plaintiffs paid monies, incurred expenses and forgave the Workers' Compensation lien in connection with defending and settling the civil suit filed by Connie Benedict."

In Count I of appellants' amended petition, Winchell's sought indemnification for workers' compensation benefits. Specifically, Winchell's sought indemnification from Sy's in the amount of $23,923.89, representing the amount Winchell's paid to settle the workers' compensation claim filed by Benedict. Winchell's claim was based on the allegation that Benedict's injuries were caused by Sy's negligence.

In Count II of appellants' amended petition, LaSalle sought indemnification for attorney's fees and expenses. Specifically, LaSalle sought indemnification from Sy's in the amount of $63,660.41, representing the amount spent in defending and settling the civil claim filed by Benedict. Such amount includes the $10,000 cash payment, the authorization of Winchell's to waive its workers' compensation lien valued at $23,923.89, and attorney's fees and expenses in the amount of $29,736.52. LaSalle's indemnification claim was based on "the Landlord/Tenant Agreement executed by the parties which provides for the indemnification of [LaSalle] by [Sy's]."

In Count III of appellants' amended petition, Denny's sought indemnification as third-party beneficiary. Denny's stated that it was named as a third-party defendant in the underlying civil action under Article 20 of the Lease Agreement with LaSalle and, as such, was required to indemnify and hold LaSalle harmless for Benedict's injuries. Further, Denny's alleged that as third-party defendant in the underlying action, and in accordance with Article 20 of the Lease Agreement, Denny's incurred attorney's fees and expenses, together with the cost of settling the civil action, in the amount of $23,596.31. Denny's alleged that it is a third-party beneficiary of the Landlord/Tenant Agreement between LaSalle and Sy's, specifically as to Sy's obligation to indemnify and hold LaSalle harmless, and, as a third-party beneficiary, Denny's has been damaged by virtue of Sy's breach of the Lease Agreement in the amount of $23,596.31.

---

**3.** The indemnification clause of the lease agreement between LaSalle and Sy's (Article 21) reads as follows:

Excluding gross negligence or willful misconduct on the part of indemnitee, Tenant shall and will indemnify and save harmless Landlord, Sears, Roebuck & Co., Stix, Baer & Fuller/Dillard's, Adcor Realty Corporation, Macy's and any other department store lessee, owner and/or operator in the Shopping Center, their agents, officers and employees, from and against any and all liability, claims, demands, expenses, fees, fines, penalties, suits, proceedings, actions and causes of actions growing out of or in any way connected with Tenant's use, occupancy, management or control of the leased premises and/or Tenant's operations or activities in the Shopping Center. This obligation to indemnify shall include reasonable legal and investigation costs and all other reasonable costs, expense and liabilities from the first notice that any claim or demand is to be made or may be made.

## B. *Respondents' Motion for Summary Judgment*

Sy's, respondents herein, filed a Motion for Summary Judgment on January 27, 1993, arguing that respondents are entitled to judgment as a matter of law concerning the claims asserted by appellants. As to LaSalle's claim, respondents argued that they were entitled to summary judgment in their favor because (1) LaSalle did not actually pay the damages for which it seeks indemnification, and (2) LaSalle has a judgment against Winchell's and Denny's for the monies it has paid relating to Benedict's May 30, 1986 accident and a party cannot recover twice for the same injury.

Respondents argued that they were entitled to summary judgment as to Winchell's claim because Winchell's does not have a true "indemnification" claim in that Winchell's never had a contract or other agreement with respondents. Thus, Winchell's has no contractual right of indemnification against respondents.

As to Denny's claim, respondents argued that they were entitled to summary judgment in their favor because "[o]nly those third parties for whose primary benefit the contracting parties intended to make the contract may maintain an action on the contract." Respondents asserted that the terms of the contract must directly and clearly express an intent to benefit the third party beneficiary. Denny's is not a party to the lease agreement between LaSalle and respondents and Denny's is not identified as a third party beneficiary to their lease. Thus, respondents argued, Denny's does not have standing as a third party beneficiary to make any claim for indemnification under the provisions of the lease agreement between LaSalle and respondents.

## C. *The Trial Court's Order*

The trial court, in an order dated August 27, 1993, sustained respondents' motion for summary judgment. In its order the court stated, in part, as follows:

All claims in plaintiffs' petition based on the negligence of defendants are barred by the 5–year statute of limitations. That would include the claim for the amount paid as Workmen's Compensation if reliance is on that statute providing for a subrogation against the tort feasor [sic]. Furthermore, Winchell's has been paid for their expenditure of Workmen's Compensation by trading it to Benedict for her release. So it now has no loss. Its claim of subrogation comes from Benedict. When they settled their subrogation claim with her, they were through. They cannot have their cake and eat it.

Plaintiff LaSalle obviously has no claim against defendants. If it had a legal basis for indemnity, it has no loss.

And none of the plaintiff's [sic] has a legal basis for indemnity against defendants. We do not need to decide whether or not individual leases made other lessees beneficiaries of their indemnification agreements with LaSalle. All plaintiffs take the position that defendants are the sole tort feasors [sic] who brought about Benedict's injuries. And that seems to clearly be the case. Therefore, whatever plaintiffs paid, or spent, was done as volunteers, by their own admissions, and they are not entitled to indemnification from anyone.

Appellants filed a Motion for Reconsideration and Amendment of Judgment on September 10, 1993. The trial court entered an order overruling appellants' motion on November 19, 1993 and finding that "[a]ny negligence claims against [Sy's] are time barred." The court stated, "If, as Plaintiffs assert, [Sy's] must first be found negligent before Plaintiffs can seek indemnification, then by virtue of the running of the statute of limitations on the negligence claims, Plaintiffs' claims for indemnification must also fail."

This appeal followed.

## D. *Standard of Review for Summary Judgment*

Summary judgment will be upheld on appeal if we determine that the movant had a right to judgment as a matter of law and that no genuine issues of material fact existed. *Rodgers v. Czamanske*, 862 S.W.2d 453, 457 (Mo.App.1993). When considering

an appeal from a summary judgment, we will review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The non-movant is accorded the benefit of all reasonable inferences from the record. *Id.*

### E. *Appellants' Arguments on Appeal*

In their first point on appeal, appellants argue that the trial court erred in granting summary judgment on the basis that the five-year statute of limitations had run on appellants' claims because their action for indemnity is separate and distinct from the tort claim of the underlying action and did not accrue until that claim was settled. In their second point on appeal, appellants argue that the trial court erred in granting summary judgment on the basis that LaSalle has no loss "because LaSalle is the nominal owner of the claim, but Denny's and Winchell's are subrogated to LaSalle's indemnification claim."

We find that appellants' second point on appeal is dispositive. Therefore, we only address briefly the question of the statute of limitations as it relates directly to appellants' second point. We need not address appellants' first point to any greater extent because even if appellants' claims for indemnification were not time-barred, *i.e.*, not subject to the statute of limitations applicable to Benedict's claim for negligence, they are nonetheless without merit and, thus, the trial court was correct in granting summary judgment in favor of Sy's.

As stated above, in their second point on appeal, appellants argue that the trial court erred in granting summary judgment on the basis that LaSalle has no loss because LaSalle is the nominal owner of the claim, but Denny's and Winchell's are subrogated to LaSalle's indemnification claim.

In his order sustaining Sy's motion for summary judgment, the trial court found that "Plaintiff LaSalle obviously has no claim against defendants. If it had a legal basis for indemnity, it has no loss." Appellants argue that the trial court's ruling that LaSalle could not claim indemnity from Sy's

because it had already been indemnified by Denny's is erroneous because it totally ignores Denny's status as subrogee of LaSalle's indemnification claim.

In essence, appellants are arguing that Sy's must indemnify LaSalle, either by virtue of its contract or by virtue of its status as a joint tortfeasor, and Denny's is subrogated to LaSalle's rights in this regard. Thus, the trial court should not have granted summary judgment in Sy's favor simply because Denny's has already made LaSalle whole. Denny's is subrogated to the rights of LaSalle and, appellants urge, the trial court should determine the extent to which each of the parties should indemnify LaSalle for the losses incurred in defending and settling the underlying lawsuit.

In their brief, respondents argue that the issue of the right to indemnification under the lease provisions was litigated in *Benedict v. LaSalle Street Fund, Inc.*, 841 S.W.2d 686 (Mo.App.1992). Respondents contend that in *Benedict*, "this court determined that the pertinent lease provision only entitled LaSalle to indemnification for any attorney fees it incurred and for any *judgment* rendered against it. As no judgment was entered against LaSalle, LaSalle was only entitled to indemnity for its attorney fees from Denny's or Winchell's." Respondents argue that because the indemnification provision in the lease between LaSalle and Denny's is virtually identical to the indemnification provision in the lease between LaSalle and Sy's, the interpretation placed on the provision in *Benedict* applies with equal weight to the provision in the lease between LaSalle and Sy's. In other words, LaSalle has no right to indemnification from Sy's for any sums paid in settlement of the underlying action because no judgment was entered against it. Respondents' interpretation of our decision in *Benedict* is incorrect and, thus, respondents' argument in this regard is misplaced.

In *Benedict*, Denny's and Winchell's appealed solely to argue trial court error in ordering them to indemnify LaSalle *should a judgment be rendered in favor of Benedict and against LaSalle* on Benedict's claim for personal injury. *Benedict*, 841 S.W.2d at

687. No judgment was rendered against La-Salle by virtue of the dismissal with prejudice. *Id.* at 688. Significantly, there was no record before us of the amount of monies paid by the parties in settlement of the underlying action. As we stated, "The record before this court contains no evidence from which the circumstances surrounding the dismissal of LaSalle can be determined." *Id.* at 687. We concluded that, *"from the record before this court,* it appears [Denny's and] Winchell's [have] no basis for complaint and for that reason, [their] appeal herein is dismissed." *Id.* at 688 (emphasis added).

Thus, all we determined in *Benedict* was that Denny's and Winchell's complaint on appeal, as to trial court error in ordering them to indemnify LaSalle for any judgment rendered in favor of Benedict, was without basis due to the dismissal with prejudice. Having no record before us as to the amount of monies paid by the parties in settlement of the underlying action, we could not and did not determine LaSalle's right to indemnification.

■ In the present appeal, by contrast, we do have a record as to the amount of monies paid by the parties in defending and settling the underlying action. Our first issue for determination is whether LaSalle incurred a loss for which it could seek indemnification.

In appellants' petition, LaSalle sought indemnification from Sy's for attorneys' fees and expenses in the amount of $63,660.41, representing the amount spent in defending and settling the civil claim filed by Benedict. Such amount includes the $10,000 cash payment (by Denny's to Benedict), the authorization of Winchell's to waive its workers' compensation lien valued at $23,923.89, and attorneys' fees and expenses in the amount of $29,736.52. As stated above, LaSalle's indemnification claim was based on the lease agreement executed by LaSalle and Sy's which provides for the indemnification of La-Salle (the landlord) by Sy's (a tenant).

■ When liability has been extinguished and payment made, the measure of damages is the amount the party seeking indemnity

has actually paid. *Kracman v. Ozark Electric Coop., Inc.,* 816 S.W.2d 688, 691 (Mo. App.1991). In the case at bar, the underlying suit was settled and dismissed with prejudice before appellants filed their Petition for Indemnification. As part of the settlement, Benedict executed a general release of all claims discharging LaSalle, Denny's, Winchell's, and all others from all claims, etc. arising out of or concerning the occurrence on May 30, 1986. Thus, LaSalle's liability was extinguished before the indemnification action was filed, and LaSalle could only seek indemnification for the amounts it actually paid in defending and settling the underlying action.

Out of the amount that LaSalle sought in indemnification ($63,660.41), $10,000 was paid by Denny's as a settlement payment to Benedict, $13,596.31 in attorneys' fees was paid by Denny's in defending the underlying action, and $23,923.89 was paid by Winchell's as workers' compensation payment. The only amount incurred by LaSalle was $16,140.21 in attorneys' fees. As to this amount, La-Salle already had a judgment against Denny's and Winchell's for attorneys' fees incurred in defending the underlying action. In the order sustaining LaSalle's motion for partial summary judgment, dated May 31, 1989, the court ordered that Denny's and Winchell's must "indemnify LaSalle ... against any judgment rendered in favor of [Benedict] in this action, shall pay the cost of retention of legal counsel, investigation costs, and all other reasonable costs, expenses and liabilities heretofore and hereafter incurred in defense of [Benedict's] case and the reasonable expenses of attorney's fees and disbursements incurred in prosecuting the third-party petition with interest as provided by law." In the order of final judgment dismissing the underlying action with prejudice, dated April 16, 1991, LaSalle was awarded attorneys' fees and expenses from Denny's and Winchell's. As to the attorneys' fees incurred by LaSalle in defending the underlying action, the parties agree that Denny's paid these fees pursuant to court order.[4]

---

4. The record reflects that LaSalle's attorneys' fees amounted to $16,140.21. However, in their

brief, appellants state that the attorneys' fees incurred by LaSalle (and apparently paid by

Because LaSalle recovered its attorneys' fees, the only expense it incurred in defending the underlying action, LaSalle has no loss and, thus, no legitimate claim for indemnification against Sy's. The question that remains to be determined is whether Denny's and Winchell's are entitled to indemnification for the expenses they incurred in defending and settling the underlying action.[5]

In appellants' Petition for Indemnification, Winchell's sought indemnification from Sy's for the amount that Winchell's paid to settle the workers' compensation claim filed by Benedict. Winchell's based its claim on the allegation that Benedict's injuries were caused by Sy's negligence. Winchell's, however, has no legal basis for indemnity. It is undisputed that Winchell's was not a party to the lease agreement between LaSalle and Sy's which contained an indemnification clause.

Winchell's only possibility of recovering the amount it paid to settle Benedict's workers' compensation claim would be under section 287.150, RSMo Supp.1993, of the Missouri Workers' Compensation statute, which gives an employer the right of subrogation against a tortfeasor who is responsible for injuries to the employer's employee. However, even under this statute, Winchell's cannot recover.

Section 287.150.1, RSMo Supp. 1993, provides, in pertinent part, as follows:

Where a third person is liable to the employee ..., for the injury ..., the employer shall be subrogated to the right of the employee ... against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employee ..., but such employer may recover any amount which such employee ... would have been entitled to recover.

An employer's right against a third-party tortfeasor liable for injuries to the employee is wholly derivative and the employer has no cause of action separate and distinct from the cause of action by the employee herself against the tortfeasor. *State ex rel. Transit Casualty Co. v. Holt,* 411 S.W.2d 249, 251 (Mo.App.1967). The employer's right against the third-party tortfeasor is "conditional upon the existence of a cause of action in the injured employee against the tortfeasor." *Id.* Thus, if the employee has no right to recover against the third party, then the employer has no right of subrogation or "indemnity." *Hacon, Inc. v. Chandeysson Electric Co.,* 466 S.W.2d 157, 159 (Mo.App.1971). Furthermore, the statute of limitations that applies to the employee's cause of action also applies to the employer. *Goldschmidt v. Pevely Dairy Co.,* 341 Mo. 982, 111 S.W.2d 1, 4–5 (1937).

In the case at bar, Benedict's cause of action accrued on May 30, 1986, the date of her injury. The statute of limitations for tort claims is five years. § 516.120, RSMo 1986. Benedict never filed suit against Sy's for negligence, however. Winchell's suit was not filed until August 28, 1991, past the five year statute of limitations. Just as Benedict's suit would be time-barred, Winchell's

---

Denny's on March 3, 1994) amounted to $12,-795.40, such amount representing $10,165.16 (which the court ordered Denny's and Winchell's to pay in its April 16, 1991 order) plus interest.

Regardless of the discrepancy in figures, what is significant to this appeal is the fact that the parties agree that Denny's paid the attorneys' fees incurred by LaSalle in defending the underlying action.

5. Appellants indicate in their brief that Denny's, Winchell's, and LaSalle executed an agreement on March 9, 1994 whereby LaSalle agreed to assign to Denny's and Winchell's any and all of LaSalle's causes of action against Sy's, including those causes of action provided for in the lease agreement between LaSalle and Sy's, and Denny's and Winchell's would pay the sum of $12,-795.40 to LaSalle. This agreement, however, is not contained in the record on appeal. Appellants merely attached it as an appendix to their brief. This court will not consider a document, objected to by an opposing party, which was neither included in the record on appeal nor filed in this court as a separate exhibit. *Kersting v. Director of Revenue,* 792 S.W.2d 651, 652 (Mo. App.1990). Furthermore, the mere inclusion of the agreement as an appendix to appellants' brief does not make it part of the record on appeal. *Roark Motor Lodge Interval Sales Corp. v. Lindner,* 779 S.W.2d 684, 687 (Mo.App.1989). Respondents correctly point out that the agreement is not properly before this court because it is not part of the record on appeal. Thus, we cannot consider it.

suit is time-barred and, thus, Winchell's has no right of subrogation.

Moreover, Benedict executed a full release of all her claims relating to the accident at issue, which included any claims against Sy's, as part of her settlement. In so doing, she effectively foreclosed any rights Winchell's has against Sy's, because, as stated above, if the employee has no right to recover against the third party, then the employer has no right of subrogation. We find that Winchell's has no right of indemnification from Sy's.

█ In the petition for indemnification, Denny's sought indemnification as a third-party beneficiary of the lease agreement between LaSalle and Sy's. Denny's alleged that it is a third-party beneficiary as to Sy's obligation to indemnify LaSalle and, as a third-party beneficiary, Denny's has been damaged by virtue of Sy's breach of the lease agreement in the amount of $23,596.31, the amount Denny's spent in defending and settling the underlying lawsuit.

█ The rules applicable to the construction of contracts apply generally to indemnity agreements. *Teter v. Morris,* 650 S.W.2d 277, 282 (Mo.App.1982). A third-party beneficiary is one who, while not privy to a contract or to the consideration therefor, is nonetheless under the law granted a right to make claim for a breach of that contract. *Id.* However, the rights extended to a third-party beneficiary are limited to those beneficiaries for whose primary benefit the contracting parties intended to make the contract. *Id.* The third-party beneficiary must show that the parties to the contract intended the beneficiary to have the right to enforce or recover under the contract. *Id.* While the third-party beneficiary need not be named in the contract, the terms of the contract must express directly and clearly an intent to benefit the third-party beneficiary. *LaClede Investment Corp. v. Kaiser,* 596 S.W.2d 36, 42 (Mo.App.1980).

The indemnification clause of the lease agreement between LaSalle and Sy's (Article 21) reads as follows:

Excluding gross negligence or willful misconduct on the part of indemnitee, *Tenant shall and will indemnify and save harmless Landlord, Sears, Roebuck & Co., Stix, Baer & Fuller/Dillard's, Adcor Realty Corporation, Macy's and any other department store lessee, owner and/or operator in the Shopping Center,* their agents, officers and employees, from and against any and all liability, claims, demands, expenses, fees, fines, penalties, suits, proceedings, actions and causes of actions growing out of or in any way connected with Tenant's use, occupancy, management or control of the leased premises and/or Tenant's operations or activities in the Shopping Center. This obligation to indemnify shall include reasonable legal and investigation costs and all other reasonable costs, expense and liabilities from the first notice that any claim or demand is to be made or may be made (emphasis added).

Denny's is not a party to Sy's lease with LaSalle. The indemnification provision of the lease between LaSalle and Sy's indentifies only LaSalle, Sears, Stix, Dillard's, Adcor Realty, Macy's and "any other department store lessee, owner and/or operator in the Shopping Center," as indemnitees. Denny's is not a "department store lessee, owner and/or operator" and, thus, the lease agreement between LaSalle and Sy's does not express any direct or clear intent to benefit Denny's. Accordingly, Denny's is not a third-party beneficiary to the lease and cannot recover from Sy's based on the indemnification provision of Sy's lease with LaSalle.

█ Finally, appellants argue that the doctrine of implied indemnity is directly applicable to the case at bar and provides a basis for indemnification of Denny's and Winchell's by Sy's. Appellants contend that "[b]y discharging LaSalle for all its costs associated with the underlying action, Denny's/Winchell's discharged Sy's identical duty to indemnify LaSalle in that action."

█ The right to implied indemnity depends upon the principle that everyone is responsible for the consequences of his own wrong, and if others have been compelled to pay damages which ought to have been paid by the wrongdoer they may recover from him. *City of St. Joseph v. Kaw Valley Tunneling, Inc.,* 660 S.W.2d 26, 30 (Mo.App.

1983). The doctrine of implied indemnity, however, applies only where an identical duty owed by one is discharged by the other. *Id.* In other words, the doctrine is inapplicable unless the indemnitee and indemnitor have co-extensive, identical duties. *Id.* at 31.

In the case at bar, Winchell's duty to pay Benedict in the underlying action was based on the Missouri Workers' Compensation Act. Denny's duty was based on the indemnification provision of the lease agreement between LaSalle and Denny's. Any duty Sy's may have had to pay damages to Benedict would have been based on Sy's alleged negligence. Thus, the doctrine of implied indemnity does not apply because Winchell's, Denny's, and Sy's did not have identical duties.

The trial court did not err in granting summary judgment in favor of Sy's. As the trial court correctly found, none of the appellants has a legal basis for indemnity against respondents.

The trial court's grant of summary judgment in favor of respondents is affirmed.

All concur.