**CITY OF KANSAS CITY, Respondent,**

v.

**Douglas SHANK, Appellant.**

**No. WD 50560.**

Missouri Court of Appeals,
Western District.

June 4, 1996.

C. John Forge, Jr., Independence, for appellant.

James Lindquist, Asst. City Pros., Kansas City, for respondent.

1. We added the emphasis.

SPINDEN, Judge.

In January 1994, Kansas City's animal control officer issued two complaints accusing Douglas Shank of two city ordinance violations: keeping dangerous animals and not disposing of accumulated manure. Shank requested a trial *de novo* in circuit court. After a hearing, the circuit court upheld the charged violations. Shank appeals.

The issues presented on appeal pertain only to the dangerous animals' case. Kansas City asks us to dismiss the appeal because Shank did not heed Rule 81.12. We agree and grant the city's request.

Although Shank's brief challenges the circuit court's decision concerning the dangerous animals charge, the document in his legal file pertaining to the manure violation was a motion to dismiss. This was not an appropriate record for review. Rule 81.12(a) says, "The legal file *shall always* include ... the pleadings upon which the action was tried, the verdict, the findings of the court or jury, the judgment or order appealed from, [and] motions and orders after judgment ... except the parties may agree in writing upon an abbreviated or partial record on appeal[.]"[1] Shank's record included none of these documents. The parties did not agree to an abbreviated or partial record.

Rule 81.12(c) places the duty on Shank to provide an adequate legal file. Notwithstanding the city's motion, Shank made no move to correct the problem. His counsel appeared at oral argument apparently unaware of the problem. Hence, we dismiss the appeal.

LOWENSTEIN, P.J., and HANNA, J., concur.