William KELLER, Respondent,

v.

AMERICAN COMPRESSED STEEL, Appellant,

and

State Treasurer, Custodian of Second Injury Fund, Respondent.

No. WD 61378.

Missouri Court of Appeals, Western District.

Jan. 14, 2003.

Rehearing Denied Feb. 27, 2003.

John Michael Graham, Jr., Kansas City, for Appellant.

Michael Knepper, Respondent, for William Keller.

Shelly Eileen Moore, Attorney General Office, Kansas City, for Respondent, Second Injury Fund.

Before PAUL M. SPINDEN, Presiding Judge, PATRICIA A. BRECKENRIDGE, Judge, and THOMAS H. NEWTON, Judge.

PER CURIAM.

American Compressed Steel (ACS) appeals the Labor and Industrial Relations Commission's award granting workers' compensation benefits to William Keller who filed two separate claims for workers' compensation. One related to an eye injury, and the other related to an occupation-

al disease. The commission allegedly entered two separate awards on these claims, but the record on appeal reveals only one of those awards—the award relating to the eye injury. ACS seeks to appeal the commission's award on the occupational disease only.

■ In its notice of appeal, ACS referred to the commission's case number relating to the eye injury only and attached the commission's award for the eye injury only. Keller filed a motion to dismiss with this court on September 19, 2002, asserting that ACS had not appealed from the final award of the commission relating to the occupational disease. While we could excuse ACS' failure to comply with Rule 81.08(a) as to their notice of appeal, see *L.J.B. v. L.W.B.*, 908 S.W.2d 349, 351 (Mo. banc 1995), we will not excuse ACS' failure to assure that the commission's award relating to the occupational disease was made part of the record on appeal.[1]

Rule 81.12(c) places the duty on ACS as the appellant to provide an adequate legal file. Rule 81.12(a) specifically requires the legal file to include "the pleadings upon which the action was tried, the verdict, the findings of the court or jury, the judgment or order appealed from, motions and orders after judgment, and the notice of appeal ... except the parties may agree in writing upon an abbreviated or partial record on appeal[.]" The parties in this case did not agree to an abbreviated or partial record.

We recognize that § 287.495.1, RSMo 2000, places the obligation on the commission to certify the record to this court:

Such appeal may be taken by filing notice of appeal with the commission, whereupon the commission shall, under its certificate, return to the court all documents and papers on file in the matter, together with a transcript of the evidence, the findings and award, which shall thereupon become the record of the cause.

However, given ACS' failure to comply with Rule 81.08(a) as to their notice of appeal, it is understandable that the commission certified only the award concerning the eye injury. Indeed, ACS' notice of appeal informed the commission that it was appealing the eye injury claim only. In light of this problem created by ACS' own actions, ACS had an obligation under Rule 81.12(c) to make certain that the record, which the commission provided, was adequate for our review. It did not do this.

Without the commission's award, we have nothing upon which to base our review. Rule 81.12(a) says, "The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented ... to the appellate court for decision." The commission's award relating to the occupational disease is necessary to the determination of the issues presented in Keller's appeal.

Keller's motion to dismiss filed on September 19, 2002, Keller's brief filed on October 8, 2002, and Keller's oral argument before this court on December 3, 2002, gave ACS ample notice of the record's deficiency. Notwithstanding this notice, ACS did not attempt to correct the problem. It merely insisted, incorrectly,

---

1. The only place we find the commission's final award relating to the occupational disease is in an addendum to ACS' reply brief. The mere inclusion of the award as an addendum to its brief does not make it a part of the record on appeal. *See In re Carl McDonald Revocable Trust*, 942 S.W.2d 926, 932 (Mo. App.1997); *Denny's Inc. v. Avesta Enterprises, Ltd.*, 884 S.W.2d 281, 289 n. 5 (Mo.App.1994).

that it did attach a copy of the commission's final award relating to the occupational disease to the notice of appeal.[2]

Because of ACS' failure to assure that the commission's final award relating to the occupational disease was in the record on appeal, we dismiss the appeal. *See City of Kansas City v. Shank*, 923 S.W.2d 503 (Mo.App.1996).

2. In support of its contention, ACS cites pages 26 through 34 of the legal file on appeal. Page 26, however, is a copy of the commission's final award relating to the eye injury—not the occupational disease. Pages 27 through 34 are the administrative law judge's findings of fact and rulings of law, which the commission incorporated in its award concerning the eye injury. In particular, pages 27 and 28 concern the eye injury only. While we acknowledge that the administrative law judge's finding of fact and rulings of law on pages 29 through 34 concern both the eye injury and the occupational disease, we still do not have in the record the commission's final award regarding the occupational disease.