William LEWIS, Appellant–Respondent,

v.

ALLSTATE INSURANCE COMPANY, Respondent–Appellant.

Nos. WD 62556, WD 62625.

Missouri Court of Appeals, Western District.

April 20, 2004.

H. Kent Desselle, Independence, MO, for appellant-respondent.

Michael A. Childs and Jean–Paul Assouad, Kansas City, MO, for respondent-appellant.

Before LOWENSTEIN, P.J., and HOWARD and NEWTON, JJ.

VICTOR C. HOWARD, Judge.

William Lewis sued Allstate Insurance Company, apparently on grounds related to property damage or loss allegedly covered by a business insurance policy Lewis held with Allstate. After judgment was entered against him, Lewis appealed. Due to Lewis' failure to provide an adequate record on appeal for this court to determine the basis for his appeal, we dismiss Lewis' appeal.

Allstate also filed a cross-appeal from the trial court's denial of its motion for partial summary judgment. Because the denial of a motion for summary judgment is not a final judgment and is, therefore, not an appealable order, we dismiss Allstate's cross-appeal, too.

## Lewis' Appeal

Allstate filed a motion to dismiss Lewis' appeal for failure to file an adequate record on appeal, which was taken with the case. Allstate claims in its motion:

On April 11, 2003, the parties agreed to file a joint record on appeal and to stipulate to the authenticity of the documents contained therein pursuant to Rule 81.15(c).[1] However, that "agreement was abandoned when counsel for [Allstate] found himself unable to gain the cooperation of counsel for [Lewis] in compiling the record on appeal." Thus, on June 16, 2003, Allstate applied for an extension of time to file its own record on appeal, which this court granted. On June 25, 2003, Allstate filed its record on appeal with this court. Allstate states in its motion, "it is the appellant's duty to compile the Record on Appeal, [so Allstate, as Respondent/Cross–Appellant] **only** included those pleadings and transcripts necessary for its cross-appeal."

On July 10, 2003, this court notified both parties by letter that the Record on Appeal did not contain a final, appealable judgment as required by § 512.020 RSMo 2000, and Rule 74.01(b), because it did not dispose of Count IV. This court also noted in its letter that the judgment was not included in the legal file, so a supplemental legal file should be filed. We directed Lewis to file suggestions in opposition to the dismissal of his appeal on or before July 18, 2003. On July 30, 2003, Lewis filed his "SUGGESTIONS ON WHY APPEAL SHOULD NOT BE DISMISSED," to which he attached a stipulated order

---

1. Rule references are to the Missouri Rules of Civil Procedure (2003).

showing dismissal with prejudice of Count IV as well as dismissal of what was apparently a companion case that the trial court had consolidated with this one.

Accordingly, on August 1, 2003, this court sent both parties' counsel a letter notifying them of our "preliminary determination that the trial court's judgment is appealable pursuant to Rule 74.01." We further cautioned the parties, "[h]owever, since the issue is a jurisdictional one, the question of whether a final, appealable judgment exists in this case may be raised later in the course of appeal." We further advised, "please be sure to supplement the record on appeal with the dismissal of Count IV. [Lewis] must request leave of the Court to file a supplemental legal file."

We subsequently placed Lewis' appeal on our dismissal docket due to Lewis' failure to timely file his initial Appellant's brief. He was given until September 18, 2003, to file his brief. On September 19, 2003, Lewis' counsel moved for an extension of time to file his brief, stating that he had attempted to file the brief on the due date of September 18, but his "staff did not realize the Court closed at 4:30 and arrived too late to file [it]." This court sustained the motion, granting Lewis until September 29, 2003, to file his initial brief. Lewis never sought leave to file nor filed a supplemental legal file as we directed.

On September 22, 2003, Allstate filed its motion to dismiss Lewis' appeal. In his response to the motion, Appellant claims that the parties' agreement in April of 2003 to file a joint record on appeal had not been abandoned. He maintains:

> There was no point in doing a separate Record on Appeal since the Record on Appeal had been stipulated and agreed to. To file a second Record on Appeal would have been to duplicate the papers

filed with the Court of Appeals. As the Brief has already been filed by the Appellant on the Record on what they believe to be a joint Record on Appeal, Respondent's motion is moot.

In support, Lewis attaches the early correspondence between the parties concerning the agreed-upon record on appeal and a "Parties' Stipulation Pursuant to Rule 81.15(c)." However, the stipulation appears to be only a draft that is not signed by either party, nor does it appear to have ever been filed with this court. Counsel for Lewis apparently did not review the record on appeal submitted by Allstate, or he would have discovered, as Allstate admits in its motion to dismiss, that it included only those pleadings and transcripts necessary for Allstate's cross-appeal, which did not include the judgment Lewis appeals from.

Failure to provide this court with the documents necessary for appellate review will result in dismissal of the appeal. *See, e.g., Pierson v. Laut*, 113 S.W.3d 298, 299–300 (Mo.App. E.D.2003), and *Keller v. Am. Compressed Steel*, 96 S.W.3d 896, 897 (Mo.App. W.D.2003) (dismissing appeals due to the appellants' failures to file adequate records on appeal pursuant to Rule 81.12). Rule 81.12(a) specifically requires the legal file to include "the pleadings upon which the action was tried, the verdict, the findings of the court or jury, the judgment or order appealed from, motions and orders after judgment, and the notice of appeal . . . except the parties may agree in writing upon an abbreviated or partial record on appeal[.]" As the appellant, Lewis had a duty under Rule 81.12(c) to prepare and provide this court with an adequate legal file and record on appeal. Here, the Record on Appeal does not contain: (1) the judgment Lewis is appealing

from,[2] (2) the transcript of the hearing on Allstate's Second Motion to Dismiss, (3) any of Lewis' pleadings filed with the trial court that pertain to Allstate's Second Motion to Dismiss, (4) Lewis' notice of appeal, and (5) the insurance policy Lewis held with Allstate under which he appears to seek coverage.[3] Of course, pursuant to Rule 81.12(c), Allstate was free to supplement the record on appeal, or, in this case, provide its own record on appeal as there was nothing to supplement. But this does not relieve Appellant of his duty to see that all materials necessary to determine his points on appeal are a part of the record on appeal. Pursuant to Rule 81.12(e), this court directed Lewis' counsel to supplement the record, but he never did so.

Absent the required record, this court has nothing to review. Allstate's motion is granted; Lewis' appeal is dismissed.

**2.** Lewis' points on appeal mention an appeal from a summary judgment. However, in reading Allstate's Motion to Dismiss, it would appear that Lewis is appealing from the trial court's judgment granting Allstate's Second Motion to Dismiss, which judgment is not in the record on appeal. Even after reading Lewis' brief, it is not clear exactly what issues were before the trial court and of what he seeks review. However, we need not even get into Lewis' briefing deficiencies under Rule 84.04 because we dismiss his appeal as a result of the inadequate record on appeal.

**3.** Again, we cannot discern from Lewis' brief his exact contentions on appeal, but it appears to be a dispute concerning his insurance policy with Allstate. While portions of the policy language may be cited by the parties, without the policy in the record on appeal, we would be forced to speculate as to the controlling facts, which we will not do. *See, e.g., Auto. Club Inter–Ins. Exch. v. Medrano,* 83 S.W.3d 632, 636–37 (Mo.App. E.D. 2002) (dismissing appellant's point on appeal due to deficiencies in the legal file). "Without knowledge of the policy language and terms, its applicability cannot be determined." *Id.* at 636.

**Allstate's Appeal**

█ Allstate claims in its cross-appeal that the trial court erred in denying its motion for partial summary judgment on Counts III and IV of Lewis' petition. However, "[t]he denial of a motion for summary judgment is not a final judgment and is therefore not an appealable order. This is true even when the appeal is taken from the final judgment in the case." *Sanders v. Ins. Co. of N. Am.,* 42 S.W.3d 1, 8 (Mo.App. W.D.2000) (citations omitted).[4] Accordingly, we also must dismiss Allstate's cross-appeal.

LOWENSTEIN, P.J., and NEWTON, J., concur.

**4.** In *James v. Paul,* 49 S.W.3d 678, 682 (Mo. banc 2001), our supreme court nevertheless addressed the denial of a motion for summary judgment, explaining that "even though the ruling in question might normally be considered interlocutory, if the appeal is otherwise properly before the Court, and a question of law is almost certain to arise on retrial and has been fully briefed by the parties, the issue will be addressed as a matter of judicial efficiency and economy." We do not have such a situation in this case. The appeal is not "otherwise properly before" this court. As for judicial efficiency and economy, although the judgment or judgments from which Lewis appeals are not properly a part of the record on appeal, it appears from the parties' correspondence to this court that counts III and IV of plaintiff Lewis' petition, which Allstate seeks summary judgment on, have been dismissed with prejudice. In fact, it appears all of Lewis' claims against Allstate (at least in the two civil cases mentioned) have been dismissed with prejudice, in which case there will be no trial. If so, Allstate's point on appeal would be moot.