Richard TOLBERT, Appellant,

v.

JACKSON COUNTY, Missouri, Respondent.

Nos. WD 66520, WD 66521, WD 66522, WD 66523, WD 66524, WD 66533.

Missouri Court of Appeals, Western District.

March 13, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 1, 2007.

Application for Transfer Denied June 26, 2007.

Richard C. Tolbert, Kansas City, MO, pro se.

Sharon K. Russo, Kansas City, MO, for respondent.

Before LISA WHITE HARDWICK, P.J., ROBERT G. ULRICH, and THOMAS H. NEWTON, JJ.

ROBERT G. ULRICH, Judge.

Richard Tolbert appeals the judgment of the Jackson County Circuit Court confirming a tax foreclosure sale of six parcels of real property. In his sole point on appeal, Mr. Tolbert claims the sale occurred in violation of a bankruptcy stay. His appeal is dismissed.

Mr. Tolbert asserts the following in his Statement of Facts. He acquired a part interest in six parcels of real property on August 19, 2005. These six parcels were scheduled to be foreclosed upon by Jackson County for delinquent taxes on August 22, 2005. Also on August 19, 2005, Mr. Tolbert filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code.[1] On August 22, 2005, prior to the tax foreclosure sale scheduled for later that same day, Mr. Tolbert recorded the August 19, 2005, deed of the six parcels. He notified Jackson County in writing of his bankruptcy filing and of his ownership interest in the six parcels of real property scheduled for sale. The Jackson County Counselor telephoned Mr. Tolbert, prior to the foreclosure sale, and informed him that the County would not honor the bankruptcy stay issued on August 19, 2005. Still prior to the sale, Mr. Tolbert acquired and recorded a second deed for 100% interest in the same parcels. Jackson County sold the six parcels. After a hearing on November 9, 2005, the sale was confirmed by the Jackson County Circuit Court in its judgment dated November 30, 2005.

The legal record consists of: (1) the Jackson County Circuit Court's judgment; (2) Mr. Tolbert's Notice of Appeal; (3) the Order granting Mr. Tolbert leave to proceed *in forma pauperis*; and (4) a letter indicating that the cost of the transcript for this case is not waived. On April 4, 2006, this court sent Mr. Tolbert a letter requesting that the pleadings upon which the judgment appealed is based be filed in a supplemental legal file. In response, Mr. Tolbert sent a letter to this court stating that "because no one purchased the real estate parcels offered in the 2005 Jackson County Tax Foreclosure sale, the parcels were given to the Land Trust."

---

1. During oral argument, Mr. Tolbert represented to this court that his bankruptcy petition was subsequently dismissed. He further stated that, prior to dismissal, the bankruptcy court determined that the stay did not apply to the real property at issue in his present appeal before this court.

The letter further stated "it is the policy of Jackson County to keep no court file in Land Trust Cases, even when the sale is disputed at the confirmation hearing." Finally, Mr. Tolbert stated a transcript of the confirmation hearing could be provided, but he lacked funds to procure the transcript.

The judgment from which Mr. Tolbert appeals confirms the sale of approximately 190 parcels of land. On appeal, Mr. Tolbert claims the sale of six of these parcels was in violation of a bankruptcy stay. The judgment indicates a hearing was had on November 9, 2005, at which time the court received into evidence the Court Administrator's Report of Sale, exhibits, documentary evidence, and testimony of competent and qualified witnesses. None of these items are in the legal record. The judgment does not reference Mr. Tolbert or a bankruptcy stay.

■ Although Mr. Tolbert is *pro se*, "*pro se* appellants are held to the same procedural rules as attorneys and do not receive preferential treatment regarding compliance with appellate procedural rules." *Coyne v. Coyne*, 17 S.W.3d 904, 905–06 (Mo.App. E.D.2000). Rule 81.12(a) requires the appellant to provide "all of the record, proceedings and evidence necessary to the determination of all questions presented." Mr. Tolbert claims he acquired an interest in six parcels of real property, filed bankruptcy, the automatic bankruptcy stay applied to these six parcels, and the sale occurred in violation of the stay. Mr. Tolbert has failed to provide this court with evidence supporting any of these claims. The legal record does not contain the deeds for the six parcels or the bankruptcy documents indicating if and when Mr. Tolbert filed for relief under the bankruptcy laws. Not only have these documents not been filed with this court, there is no evidence that they were pre-sented to the circuit court. Mr. Tolbert has failed to demonstrate that he presented his arguments on appeal to the circuit court before it confirmed the sale of the six parcels. If he did not present his current argument to the circuit court, it may not be raised for the first time on appeal. *See Seitz v. Lemay Bank & Trust Co.*, 959 S.W.2d 458, 462 (Mo. banc 1998).

■ The sole citation to the legal record in Mr. Tolbert's entire brief is provided for the statement: "At a hearing on November 9, 2005, the Circuit Court confirmed the sale of the six parcels of real estate." Every other assertion or purported statement of fact is made without citation to the legal record. This is because there is nothing in the legal record supporting these assertions. This court is unable to address Mr. Tolbert's point on appeal with the legal record provided. *See Lewis v. Allstate Ins. Co.*, 131 S.W.3d 451, 454 (Mo. App. W.D.2004)("Absent the required record, this court has nothing to review."); *Coyne*, 17 S.W.3d at 906 ("We cannot properly review the judgment when the record is so defective."). Accordingly, his appeal is dismissed. *See Lewis*, 131 S.W.3d at 453 ("Failure to provide this court with the documents necessary for appellate review will result in dismissal of the appeal."); *Coyne*, 17 S.W.3d at 906 ("An appeal may be dismissed for failure to file an adequate record on appeal.").

Mr. Tolbert's appeal is dismissed.

All concur.