**STATE ex rel. MISSISSIPPI LIME COMPANY, Relator/Appellant,**

v.

**MISSOURI AIR CONSERVATION COMMISSION, Respondent.**

No. WD 63827.

Missouri Court of Appeals, Western District.

Nov. 30, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 1, 2005.

Application for Transfer Denied April 26, 2005.

Byron Edward Francis, James Kent Lowry and Cynthia Ann Sciuto, St. Louis, for Appellant.

Marshall Wilson, Robert Wilkinson and Colleen Michuda, Jefferson City, for Respondent.

PAUL M. SPINDEN, Judge.

Mississippi Lime Company appeals the circuit court's judgment quashing its preliminary writ of prohibition and denying its request for a writ of prohibition. Mississippi Lime asked the circuit court to prohibit the Missouri Air Conservation Commission from enforcing its order directing Mississippi Lime to respond to discovery requests propounded by its competitor, Chemical Lime Company, in this action in which Mississippi Lime seeks a permit to construct two new kilns. We affirm the circuit court's judgment.

This dispute grows out of the Department of Natural Resources' issuance of a permit on December 13, 2002, authorizing Mississippi Lime to construct the kilns at its manufacturing plant near Ste. Genevieve. On January 10, 2003, pursuant to § 643.075.6, RSMo 2000, Chemical Lime petitioned the commission to review the department's permit. The commission appointed Karen Winn, commissioner for the Administrative Hearing Commission, to serve as hearing officer in this case.[1] The commission also delegated to Winn the authority to rule on all motions.

During proceedings before Winn, Mississippi Lime and Chemical Lime began quarrelling over Chemical Lime's discovery request. Chemical Lime requested all information that Mississippi Lime submitted to the department in connection with its application for the permit, including the information that, pursuant to 10 CSR 10–6.210, the department had concluded was entitled to protection as confidential. Chemical Lime also sought discovery of information in Mississippi Lime's possession that the department had neither requested nor reviewed in determining whether to issue the permit. Mississippi Lime objected to Chemical Lime's discovery requests on the grounds that Chemical Lime sought confidential business information and sought information that was not relevant to any issue raised by Chemical

---

1. Section 643.100.3(2), RSMo 2000, provides that the hearing officer shall "hear all evidence and rule on the admissibility of evidence" and "shall make recommended findings of fact and may make recommended conclusions of law to the commission."

Lime's petition for review. Chemical Lime filed motions requesting Winn to compel the department and Mississippi Lime to respond to its discovery requests. Mississippi Lime and the department responded, and Mississippi Lime filed a motion for a protective order to safeguard the confidentiality of the discovery produced to Chemical Lime should Winn overrule Mississippi Lime's objections.

■ At a hearing on the motions on October 6, 2003, Mississippi Lime requested that, if Winn overruled its objections, Winn conduct an *in camera* review of the documents deemed confidential so she could determine the relevancy of the requested information and whether or not the documents should be protected as confidential. On October 16, 2003, Winn substantially overruled Mississippi Lime's objections but granted its request for a protective order.[2] She declined Mississippi Lime's request for an *in camera* review of the documents and concluded that Mississippi Lime was adequately protected by her protective order.

Mississippi Lime asked the commission to hold a hearing to consider Winn's rulings. It asserted that the commission, and not Winn acting unilaterally, should determine the threshold issue of whether or not confidential business information that Chemical Lime requested was relevant to Chemical Lime's petition for review. Mississippi Lime further argued that the confidentiality of its business information had to be preserved until a court or other tribunal of competent jurisdiction finally determined whether or not the information was entitled to protection as confidential.

The commission denied Mississippi Lime's motion and ordered Mississippi Lime to respond to Chemical Lime's discovery requests.

Mississippi Lime then filed this petition for a writ of prohibition. It alleged that Winn had exceeded her authority by ordering it to produce information that the department had determined was confidential. It asserted that the commission was required to review the requested information and to make a confidentiality determination before ordering Mississippi Lime to produce the information. Mississippi Lime requested the circuit court to issue a writ of prohibition prohibiting the commission from enforcing its order compelling Mississippi Lime to respond to Chemical Lime's discovery requests.

The circuit court issued a preliminary writ of prohibition on December 1, 2003. On January 12, 2004, the circuit court entered judgment quashing its preliminary writ and denying Mississippi Lime's petition for a writ of prohibition. The circuit court found that Winn had not abused her discretion in compelling Mississippi Lime to produce its confidential business information subject to a protective order and in determining that the information Chemical Lime sought was reasonably calculated to lead to the discovery of admissible evidence. Mississippi Lime appeals.

## 1. Jurisdiction

■ Article V, § 18, of Missouri's constitution says that, unless a statute or other law provides to the contrary, the Supreme Court shall provide rules directing how the judiciary is to review final admin-

---

**2.** Chemical Lime included Winn's protective order in an appendix to its brief but did not include it in this court's record. The mere inclusion of documents in an appendix to a brief does not make it part of the record on appeal. *Denny's, Inc. v. Avesta Enters., Ltd.,* 884 S.W.2d 281, 289 n. 5 (Mo.App.1994). We will not consider documents that are not included in the record. The parties asserted at oral argument that Winn ordered that the information be revealed only to Mississippi Lime's attorneys and experts in this case.

istrative decisions, findings, rules and orders. In Rule 100.01, the Supreme Court has directed that "[t]he provisions of sections 536.100 through 536.150, RSMo, shall govern procedure in circuit courts for judicial review of actions of administrative agencies unless the statute governing a particular agency contains different provisions for such review."

◼ The General Assembly created the Air Conservation Commission in statutes codified in Chapter 643 of the Revised Statutes and directed that the commission's "final orders or determinations" be reviewable pursuant to the Administrative Procedure Act. Section 643.130, RSMo 2000. Orders and determinations are "final" when they terminate the commission's involvement in a case and completely resolve the issues presented. *Dore and Associates Contracting, Inc. v. Missouri Department of Labor and Industrial Relations Commission,* 810 S.W.2d 72, 75–76 (Mo.App.1990).

This case does not involve a final order or final determination. Mississippi Lime sought the circuit court's review of the commission's discovery order.

"An important exception," however, "to the constitutional and statutory constraints placed on judicial review of administrative action is the power of the courts to issue and determine original remedial writs against administrative officers and bodies."

I Mo. ADMINISTRATIVE LAW § 7.1 (MoBar 3rd ed.2000). Indeed, Article V, § 4.1, of Missouri's constitution grants to the Supreme Court and to this court the power to "issue and determine original remedial writs." The same provision grants "superintending control over ... tribunals" to the Supreme Court and to this court.[3]

◼ The Air Conservation Commission is not a court. "'[A]n administrative body or even a quasi-judicial body is not and cannot be a court in a Constitutional sense.'" *State Tax Commission v. Administrative Hearing Commission,* 641 S.W.2d 69, 75 (Mo. banc 1982) (citation omitted). Although not defined, "tribunals" would seemingly include "administrative tribunals."[4] Hence, the commission is a tribunal over which the Supreme Court and this court have superintending control.

◼ We question, however, whether circuit courts have superintending control over tribunals. Article V, § 14, of Missouri's constitution says, "The circuit courts shall have original jurisdiction over all cases and matters, civil and criminal" and authorizes the circuit courts to "issue and determine original remedial writs[.]"[5] Unlike § 4.1 of Article V, this provision does not appear to grant the circuit court superintending control over administrative tribunals for the purpose of issuing origi-

---

3. Mo. CONST. art V, § 4, also grants the Supreme Court authority to supervise "all courts" and to delegate its supervisory authority over "all courts." It does not, however, seemingly grant the Supreme Court the authority to delegate its supervisory authority over "tribunals."

4. Mo. CONST. art. V, § 5, gives authority to the Supreme Court to "establish rules relating to practice, procedure and pleading for ... administrative *tribunals.*" (We added the emphasis.)

5. Section 530.020, RSMo 2000, says, "The supreme court, and each division thereof, the court of appeals and the circuit courts, within their several jurisdictions, and also the judges of the supreme court and court of appeals and circuit judges to the extent herein provided in this chapter, shall have power to hear and determine proceedings in prohibition." Section 478.070, RSMo 2000, says, "The circuit courts shall have original jurisdiction over all cases and matters, civil and criminal. Such courts may issue and determine original remedial writs."

nal remedial writs.[6] When a court has jurisdiction of the subject matter, it has the power to issue a writ to any inferior court over which it exercises superintending control.[7] *Howard v. Pierce*, 38 Mo. 296, 301 (1866); *see also State ex rel. Spencer v. Anderson*, 101 S.W.2d 530, 533 (Mo.App.1937).

The Supreme Court, however, in *State ex rel. Riverside Joint Venture v. Missouri Gaming Commission*, 969 S.W.2d 218 (Mo. banc 1998), seemingly—we can only surmise because the issue was not addressed—approves of the circuit court's jurisdiction to issue a writ of prohibition directed to an administrative agency.[8] In that case, the Supreme Court quashed the circuit court's writ because "[t]he trial court's decision to employ prohibition to pretermit the Commission's consideration of the issues before it on due process grounds falls outside the recognized purposes for a writ of prohibition." *Id.* at 222.

■ Although the Supreme Court did not address the issue of the circuit court's jurisdiction to issue a writ of prohibition directed to an administrative agency, it has declared that, in all appeals, "[i]t is required to examine its jurisdiction *sua sponte.*" *Riverside–Quindaro Bend Levee District v. Intercontinental Engineering Manufacturing Corporation*, 121 S.W.3d 531, 533 (Mo. banc 2003). Hence, we must assume that it examined its jurisdiction in issue a writ of prohibition directed to an administrative agency. *See e.g. State ex rel. AG Processing, Inc. v. Thompson*, 100 S.W.3d 915 (Mo.App.2003); *State ex rel. Maloney v. Allen*, 26 S.W.3d 244 (Mo.App.2000); *Craven v. State ex rel. Premium Std. Farms, Inc.*, 19 S.W.3d 160 (Mo.App.2000); *State ex rel. Nat'l Super Mkts., Inc. v. Dowd*, 1 S.W.3d 595 (Mo. App.1999); *State ex rel. J.E. Dunn Constr. Co. v. Fairness in Constr. Bd. of City of K.C.*, 960 S.W.2d 507 (Mo.App.1997); *State ex rel. Lohman v. Personnel Advisory Bd.*, 948 S.W.2d 701 (Mo.App.1997); *Barber v. Jackson County Ethics Comm'n*, 935 S.W.2d 62 (Mo.App. 1996); *State ex rel. Arnett v. Greer*, 921 S.W.2d 128 (Mo.App.1996); *State ex rel. Marler v. State Bd. of Optometry*, 898 S.W.2d 559 (Mo. App.1994); *Air Evac EMS, Inc. v. Mo. State Bd. of Health*, 896 S.W.2d 640 (Mo.App.1995); *State ex rel. Lakeman v. Siedlik*, 872 S.W.2d 503 (Mo.App.1994); *Scott County Reorganized R–6 Sch. Dist. v. Mo. Comm'n on Human Rights*, 872 S.W.2d 892 (Mo.App.1994); *Southwestern Bell Tel. Co. v. Mo. Comm'n on Human Rights*, 863 S.W.2d 682 (Mo.App. 1993); *State ex rel. Shea v. Bossola*, 827 S.W.2d 722 (Mo.App.1992); *State ex rel. 401 North Lindbergh Assocs. v. Ciarleglio*, 807 S.W.2d 100 (Mo.App.1990); *Bd. of Registration for Healing Arts v. Spinden*, 798 S.W.2d 472 (Mo.App.1990); *State ex rel. Mo. Dir. of Rev. v. Deutsch*, 751 S.W.2d 132 (Mo.App. 1988); *State ex rel. St. Louis Reg'l Health Care Corp. v. Wamser*, 735 S.W.2d 741 (Mo.App. 1987).

6. Article V, § 4, and article V, § 14, were amended on August 3, 1976. Before those amendments, Article V, § 4, said, "The supreme court, court of appeals, and circuit courts shall have a general superintending control over all inferior courts and tribunals in their jurisdiction, and may issue and determine original remedial writs." Article V, § 14, said, "The circuit courts shall have jurisdiction over all criminal cases not otherwise provided for by law, exclusive original jurisdiction in all civil cases not otherwise provided for, and concurrent and appellate jurisdiction as provided by law." Hence, before the 1976 amendments, the circuit court had superintending control over tribunals in its jurisdiction and could issue and determine original remedial writs. *See State ex rel. Meyer v. Woodbury*, 321 Mo. 275, 10 S.W.2d 524, 526 (1928).

7. Moreover, although Rule 84.22(a) says that "[n]o original remedial writ shall be issued by an appellate court in any case wherein adequate relief can be afforded by an appeal or by application for such writ to a lower court[,]" we question whether it would even apply to this case. If the circuit court did not have superintending control over the Air Conservation Commission, it could not provide "adequate relief."

8. Without addressing the issue at all, numerous cases from the appellate courts seemingly approve of the circuit court's jurisdiction to

*Missouri Gaming Commission* and concluded, without noting the issue, that the circuit court had jurisdiction to issue a writ of prohibition directed to an administrative agency although no basis for jurisdiction is apparent to us. Had the circuit court lacked jurisdiction, the Supreme Court also would have lacked jurisdiction because a judgment entered in excess of, or beyond, jurisdiction of the circuit court is void and deprives the appellate court of jurisdiction to review the merits. *Two Pershing Square, L.P. v. Boley*, 981 S.W.2d 635, 639 (Mo.App.1998).

We are bound to follow the last controlling decision of the Supreme Court. Mo. CONST. art. V, § 2 (1945). Hence, we conclude that the circuit court had jurisdiction to consider Mississippi Lime's petition for a writ of prohibition directed to the Air Conservation Commission.

 Assuming, therefore, that the circuit court had jurisdiction, an order quashing a preliminary writ is an appealable, final judgment. *Missouri Department of Social Services v. Administrative Hearing Commission*, 826 S.W.2d 871, 872 (Mo.App.1992). A writ of prohibition does not issue as a matter of right. *Id.* It is an extraordinary remedy and is to be used "with great caution and forbearance and only in cases of extreme necessity." *State ex rel. Douglas Toyota III, Inc. v. Keeter*, 804 S.W.2d 750, 752 (Mo. banc 1991). For a writ to have issued, Mississippi Lime bore the burden of establishing that the commission exceeded its jurisdiction and that Mississippi Lime did not have available the remedy of appeal. *Missouri Department of Social Services*, 826 S.W.2d at 872–73; *see also State ex rel. Atkins v. Missouri State Board of Accountancy*, 351 S.W.2d 483, 489 (Mo.App.1961).

 "The general rule is that, if a court is entitled to exercise discretion in the matter before it, a writ of prohibition cannot prevent or control the manner of its exercise, so long as the exercise is within the jurisdiction of the court." *State ex rel. K–Mart Corporation v. Holliger*, 986 S.W.2d 165, 169 (Mo. banc 1999). According to the *Holliger* court:

> In Missouri, prohibition will not lie to control administrative or ministerial functions, discretionary actions, or legislative powers. However, if abuse of that discretion is so great as to be an act in excess of jurisdiction and is such as to create injury which cannot be remedied on appeal, prohibition may be appropriate.

*Id.* (citation omitted).

### 2. Abuse of discretion.

 Mississippi Lime contends that the circuit court erred in quashing its preliminary writ and denying its petition for a writ of prohibition. It asserts that the commission abused its discretion in ordering Mississippi Lime to respond to Chemical Lime's discovery request for confidential information that Mississippi Lime submitted to the department in connection with its application for a permit. We disagree.

Mississippi Lime submitted information in support of its application for a permit to the department. Pursuant to 10 CSR 10–6.210, Mississippi Lime asked the department to treat certain information as confidential, and the department granted Mississippi Lime's request. Mississippi Lime asserts that neither the commission nor the hearing officer had the authority to require it to produce this confidential information.

In regard to confidential information before the commission, § 643.050.5, RSMo 2000, says, "Any information relating to secret processes or methods of manufacture or production discovered through any

communication required under this section shall be kept confidential." In its regulations, the commission defines "confidential business information" as:

> Secret processes, secret methods of manufacture or production, trade secrets and other information possessed by a business that, under existing legal concepts, the business has a right to preserve as confidential, and to limit its use by not disclosing it to others in order that the business may obtain or retain business advantages it derives from its rights in the information[.] [9]

10 CSR 10–6.210(3)(B)1. The commission's regulations also provide that confidential business information will be "kept confidential by the commission and employees and agents of the Department of Natural Resources if a timely request for confidentiality is made by the person submitting the information." 10 CSR 10–6.210(2). Regulation 10 CSR 10–6.210(4) sets forth the procedures for requesting and obtaining a confidentiality determination and also sets forth the procedures for judicial review of the confidentiality determination.

Moreover, 10 CSR 10–6.210(5) sets forth conditions under which confidential information may be disclosed. In particular, 10 CSR 10–6–210(5)(F) provides:

> Subpoenas for Confidential Information. The director shall respond to subpoenas and discovery requests for information submitted under a claim of confidentiality, if the claim has not been finally denied, in a manner that is designed to preserve the claim of confidentiality until a confidentiality determination is made by a court or other tribunal of competent jurisdiction.

In this case, the hearing officer was given the authority by the commission to preside over a hearing, hear all the evidence, rule on the admissibility of evidence, and issue subpoenas. Section 643.100. Moreover, § 643.100.2 instructs, "The rules of discovery that apply to any civil case apply to hearings held by the commission." As such, the hearing officer had broad discretion to control discovery and to rule on the admissibility of evidence, and the hearing officer's discovery rulings cannot be disturbed in the absence of a showing of abuse of discretion. *See Giddens v. Kansas City Southern Railway Company,* 29 S.W.3d 813, 819 (Mo. banc 2000), *cert. denied,* 532 U.S. 990, 121 S.Ct. 1644, 149 L.Ed.2d 502 (2001); *State ex rel. Crowden v. Dandurand,* 970 S.W.2d 340, 343 (Mo. banc 1998). To establish an abuse of discretion, the ruling must be clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice. *Giddens,* 29 S.W.3d at 819.

The hearing officer concluded that the confidential information that Chemical Lime sought from Mississippi Lime was relevant to the issues raised in Chemical Lime's petition for review. The hearing officer further concluded that Mississippi Lime should disclose that confidential information but that the confidential information would be adequately preserved by its protective order. Rule 56.01(c)(7) provides that a protective order may provide "that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way[.]" This is what the hearing officer did in this case: She ordered that the confidential information be disclosed in a designated way as spelled

---

**9.** Regulation 10 CSR 10–6.210(1) specifically says, however, that emission data is not enti-tled to confidential treatment.

out in the protective order. Pursuant to 10 CSR 10–6–210(5)(F), she responded to Chemical Lime's discovery request in a manner that was designed to preserve the claim of confidentiality until a confidentiality determination is made by a court or other tribunal of competent jurisdiction.

The circuit court concluded that the hearing officer did not abuse her discretion in ordering the release of the confidential information subject to the protective order. The circuit court found that the protective order sufficiently protected Mississippi Lime's confidentiality claims but allowed the parties to use the information as necessary in the underlying action. The hearing officer acted within her discretion in controlling discovery, and her actions were not clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice.

■ Mississippi Lime also contends that the commission abused its discretion in ordering Mississippi Lime to respond to Chemical Lime's discovery request for information in Mississippi Lime's possession that the department had neither requested nor reviewed in determining whether to issue the permit. Mississippi Lime asserts that Chemical Lime's request for information that was not submitted to the department sought information that was not relevant to the issues raised in its petition and was not reasonably likely to lead to the discovery of relevant, admissible evidence. We disagree.

■ The commission's review of the department's actions in issuing the permit is *de novo. See Lederer v. Department of Social Services,* 825 S.W.2d 858, 864 (Mo. App.1992). As such, the commission's review is not limited to the record before the department at the time Mississippi Lime's permit was issued. Indeed, § 643.100 authorizes the commission to issue subpoenas and to rule on the admissibility of evidence—acts that would be unnecessary were the commission's review limited to the department's record. Hence, information that was not submitted or reviewed by the department in determining whether to issue Mississippi Lime's permit was not *per se* irrelevant.

■ Moreover, in its petition seeking review of the department's decision to issue a permit to Mississippi Lime, Chemical Lime alleges that Mississippi Lime failed to follow the correct procedures for determining the "net emissions increase" of the proposed changes for its facility and that it improperly omitted emissions data from its application for a permit. Mississippi Lime even recognizes that Chemical Lime's petition alleges that the department "should not have issued a permit to Mississippi Lime because Mississippi Lime's data and analyses were incomplete or flawed." An allegation of "incomplete data" establishes the need for discovering information that was not submitted to the department with the permit application. Although Mississippi Lime disagrees, such information is related to the issues raised in Chemical Lime's petition.

The circuit court concluded that the hearing officer did not abuse her discretion in concluding that Chemical Lime's request for information that was not submitted to the department was reasonably calculated to lead to the discovery of admissible evidence. As previously noted, the hearing officer has broad discretion over discovery matters, and her discovery rulings cannot be disturbed absent an abuse of discretion. *See Giddens,* 29 S.W.3d at 819. The hearing officer acted within her discretion in controlling discovery, and her actions were not clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice.

Mississippi Lime also contends that the commission should have conducted an *in camera* review of the confidential information submitted to the department and of the information not submitted to the department because it contained confidential information. Such decision, however, was within the hearing officer's discretion. That the hearing officer entered a protective order evidences the hearing officer's intent that the information should remain confidential. Mississippi Lime asserts that a better way to protect that confidentiality would have been for the commission to inspect the information *in camera*. That reasonable people can dispute the propriety of a hearing officer's action belies an abuse of discretion. *Newman v. Ford Motor Company*, 975 S.W.2d 147, 151 (Mo. banc 1998). Were it an abuse of discretion, a reasonable person would be unable to defend it.

The circuit court, therefore, did not abuse its discretion in quashing its preliminary writ and denying Mississippi Lime's petition for writ of prohibition. We affirm the circuit court's judgment.[10]

EDWIN H. SMITH, Chief Judge, and ROBERT G. ULRICH, Judge, concur.

---

10. Mississippi Lime filed a motion to strike Chemical Lime's appendix to its brief and also portions of its statement of facts and arguments relying on the appendix in its brief. Mississippi Lime alleges that the appendix contains uncertified documents that were not submitted to the circuit court and were not a part of the record on appeal. We will not consider documents that are not included in the record. The mere inclusion of documents in an appendix to a brief does not make it part of the record on appeal. *Denny's*, 884 S.W.2d at 289 n. 5. Thus, we did not consider Chemical Lime's appendix or references to the appendix in this appeal.