**STATE of Missouri ex rel. A & G COMMERCIAL TRUCKING, INC., Respondent,**

v.

**DIRECTOR OF THE MANUFACTURED HOUSING AND MODULAR UNITS PROGRAM OF THE PUBLIC SERVICE COMMISSION, and The Missouri Public Service Commission, Appellants.**

No. WD 64472.

Missouri Court of Appeals, Western District.

June 7, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 2, 2005.

Application for Transfer Denied Aug. 30, 2005.

Keith Krueger, Misouri Public Service Commission, Jefferson City, for Appellant.

Tom Harrison, Columbia, Thomas G. Pirmantgen, Jefferson City, for Respondent.

RONALD R. HOLLIGER, Judge.

Missouri Public Service Commission ("PSC") and the Director of the Manufactured Housing and Modular Units Program of the Public Service Commission ("Director") appeal the grant of a writ of prohibition by the Circuit Court of Cole County barring PSC and the Director from taking action involving a complaint filed by the Director seeking direction from the Commission to require its counsel to proceed with an action against A & G Commercial Trucking, Inc. ("A & G"), an unregistered dealer of manufactured homes. PSC and the Director raise several points of error, including a claim that the circuit court exceeded its jurisdiction in granting the writ of prohibition. We agree, reversing the judgment below and remanding with instructions to dismiss the pending proceeding.

FACTUAL AND PROCEDURAL BACKGROUND

The PSC has regulatory authority with regard to registered dealers of manufactured housing. *See* Section 700.090, RSMo 2000. A & G was allegedly engaged in business as an unregistered dealer of manufactured housing. On August 12, 2003, the Director filed a complaint with the PSC asking that it proceed against A & G in circuit court alleging several violations of the Manufactured Home Standards under Section 700.100, RSMo, and seeking authority to pursue civil penalties pursuant to Section 700.115.2, RSMo 2000.[1] A separate civil action was brought against A & G in Boone County by the Missouri Attorney General on May 10, 2004, seeking penalties under The Missouri Merchandising Practices Act, section 407.020 et seq. Sections 700.100 and 700.115, RSMo. provide that violations of the provisions of the manufactured housing statute will also be considered violations of the Merchandising Practices Act. The PSC was subsequently made a party to the Boone County action, but was later dismissed. The Boone County suit apparently remains pending.

A & G initially contested the Director's complaint with the PSC on the grounds that Section 700.115, RSMo, authorized penalties only against registered sellers and that this provision was inapplicable to A & G because it was an unregistered dealer. A & G also filed a petition in the Circuit Court of Cole County seeking a writ of prohibition against the PSC and the Director. A & G argued that the PSC be prohibited from proceeding with the Director's complaint because it lacked jurisdiction over A & G, given that it was not a registered dealer of manufactured homes and that the only entity authorized to pursue complaints against non-registered dealers is the Missouri Attorney General.

The circuit court ultimately granted A & G's petition on July 13, 2004, and entered a writ prohibiting the Director and PSC from exercising further jurisdiction or tak-

---

1. Statutory references are to RSMo 2000, unless otherwise indicated.

ing any other action on the Director's complaint with the PSC. The present appeal follows.

## DISCUSSION

█ In its first point on appeal, the Director contends that the trial court erred in issuing the writ of prohibition on the basis that it lacked jurisdiction to exercise injunctive power over the PSC because Section 386.510, RSMo, expressly prohibits the circuit court from enjoining, restraining, or interfering with the commission in the performance of its duties.

Respondent relies upon this court's recent decision in *State ex rel. Mississippi Lime Company v. Missouri Air Conservation Commission*, 159 S.W.3d 376 (Mo.App.2004)(hereinafter, *"Mississippi Lime"*). That controversy arose when the Missouri Air Conservation Commission ordered Mississippi Lime Company to respond to discovery requests propounded to it by a competitor. *Id.* at 379. Mississippi Lime contended that the order exceeded the Commission's authority in that the materials it was ordered to produce were confidential and the Commission had failed to review those materials and make a confidentiality determination prior to entering the discovery order. *Id.* at 379–80. Mississippi Lime sought a writ of prohibition from the Cole County Circuit Court barring the Commission from enforcing its order. While that court issued a preliminary writ, it subsequently quashed that preliminary writ. *Id.* at 380. An appeal to this court followed, in which Mississippi Lime contended that the Circuit Court of Cole County had jurisdiction to enter a writ of prohibition enjoining the Missouri Air Conservation Commission and that the circuit court abused its discretion in failing

to grant the writ of prohibition. *Id.* at 383.

We held that the circuit court had jurisdiction to enter a writ of prohibition enjoining the Missouri Air Conservation Commission. *Id.* However, we ultimately concluded that the circuit court did not abuse its discretion in quashing its preliminary writ in prohibition. *Id.* at 386. A & G argues that the first holding supports a conclusion that the circuit court had jurisdiction to enter a writ of prohibition against the PSC.

The *Mississippi Lime* case looked to *State ex rel. Riverside Joint Venture v. Missouri Gaming Commission*, 969 S.W.2d 218 (Mo. banc 1998) in reaching its conclusion on the jurisdictional issue. As explained in *Mississippi Lime*, the *Riverside* opinion does not expressly take up the jurisdictional question. 159 S.W.3d at 382. Instead *Mississippi Lime* presumes that the Missouri Supreme Court considered the jurisdictional issue in *Riverside*, given that it is required to examine its jurisdiction *sua sponte* in all appeals. *Id.* Given that presumption and the fact that the case was not disposed of due to lack of jurisdiction, this court concluded that the Supreme Court implicitly held that the circuit court had jurisdiction to issue the writ. *Id.* at 382–83. The *Mississippi Lime* opinion, however, concedes that "no basis for jurisdiction is apparent to us." *Id.* at 383.[2]

*Mississippi Lime*, however, is distinguishable from the case at bar. *Mississippi Lime* concerned an administrative proceeding to which the Missouri Administrative Procedures Act (MAPA), Chapter 536, RSMo, was applicable. Here, the PSC is conducting the proceeding. MAPA operates to fill gaps not addressed within

---

2. While not discussed by (or apparently applicable in) *Riverside*, we note that there is statutory authority within MAPA expressly authorizing circuit courts to review certain agency decisions by means of mandamus, prohibition, injunctive relief, or other appropriate means. *See* Section 536.150, RSMo.

the PSC statutes. *State ex rel. Coffman v. Pub. Svc. Comm'n,* 121 S.W.3d 534, 539 (Mo.App.2003) (citing *State ex rel. Noranda Aluminum, Inc. v. Pub. Svc. Comm'n,* 24 S.W.3d 243, 245 (Mo.App.2000)). However, the PSC statutes contain a specific judicial review provision, Section 386.510, RSMo, that supercedes the judicial review provisions within MAPA. *See id.* at 540–41.

Director argues that the circuit court's jurisdiction in this matter is constrained by that statute, which provides, in relevant part:

No court in this state, except the circuit courts *to the extent herein specified* and the supreme court or the court of appeals on appeal, shall have jurisdiction to review, reverse, correct or annul any order or decision of the commission or to suspend or delay the executing or operation thereof, *or to enjoin, restrain or interfere with the commission in the performance of its official duties.*

*Id.* (emphasis added). Other portions of the statute provide for circuit court review of PSC decisions by means of a writ of certiorari filed in the circuit court within a statutorily-defined deadline. *See id.* No provision is made for the issuance of writs of prohibition or mandamus by the circuit court. *See id.* Given that the statute expressly limits the jurisdiction of the circuit courts to enjoin, constrain, or otherwise interfere with the PSC's conduct of its official duties to those set forth within the statute, the Director argues that the entry of the writ of prohibition, here, exceeded the circuit court's jurisdiction.

Respondent argues that *Riverside* implicitly stands for the proposition that circuit courts have superintending jurisdiction over administrative tribunals under Article V, Section 14 of the Missouri

Constitution and that this trumps the limitations of Section 386.510, RSMo. We disagree that the Missouri Constitution provides such authority.

■ The present version of Article V, Section 4, Subsection 1 of the Missouri Constitution provides:

The Supreme Court shall have general superintending control over all courts and tribunals. Each district of the court of appeals shall have general superintending control over all courts and tribunals in its jurisdiction. The supreme court and districts of the court of appeals may issue and determine original remedial writs. Supervisory authority over all courts is vested in the supreme court which may make appropriate delegations of this power.

Review of this constitutional provision shows that the Supreme Court and the Missouri Court of Appeals have superintending jurisdiction over inferior courts and other "tribunals." This has been interpreted to include administrative bodies. *See Mississippi Lime,* 159 S.W.3d at 381. Before this section was amended in 1976, this superintending jurisdiction over other tribunals extended to circuit courts, as well. Missouri Constitution Article V, Section 4 (1976). We cannot conclude that the Missouri Constitution grants circuit courts superintending jurisdiction over administrative tribunals when the constitution was amended to explicitly remove the grant of such jurisdiction.[3] Thus, to the extent that circuit courts have jurisdiction to enter writs of prohibition against administrative agencies, as contemplated in *Mississippi Lime,* that jurisdiction does not flow from the Missouri Constitution. Thus, if there is such jurisdiction, it must be granted by the general assembly through statutory

3. Article V, Section 14, currently speaks to the jurisdiction of circuit courts:

(a) The circuit courts shall have original jurisdiction over all cases and matters, civil and criminal. Such courts may issue and determine original remedial writs and shall sit at times and places within the circuit as determined by the circuit court.

enactments such as Section 536.150, RSMo.

We find *Mississippi Lime* inapplicable because it involved neither the PSC nor application of Section 386.510, RSMo. The statute does not expressly grant the circuit court authority to issue a writ of prohibition against the PSC and explicitly limits the circuit court's jurisdiction to the judicial review set forth in the statute. Pursuant to Section 386.510, RSMo, the circuit court acted without jurisdiction in granting the writ of prohibition barring the Director or PSC taking further action with regard to the Director's complaint. The judgment of the circuit court is, therefore, reversed, and the matter remanded to the trial court with instructions to dismiss the proceeding.

JAMES M. SMART, JR., Presiding Judge, and LISA WHITE HARDWICK, Judge, concur.