STATE of Missouri ex rel. AMEGA SALES, INC., Respondent,

v.

MISSOURI PUBLIC SERVICE COMMISSION and Director of the Manufactured Housing and Modular Units Program of the Public Service Commission, Appellants.

No. WD 64880.

Missouri Court of Appeals, Western District.

Jan. 17, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 28, 2006.

Application for Transfer Denied April 11, 2006.

Tom Harrison, Columbia, MO, Michael G. Berry and Thomas G. Pirmantgen, Jefferson City, MO, for respondent.

Dana K. Joyce, General Counsel, Keith R. Krueger, Deputy General Counsel, Jefferson City, MO, for appellants.

Before EDWIN H. SMITH, C.J., and ULRICH and HARDWICK, JJ.

EDWIN H. SMITH, Chief Judge.

The Missouri Public Service Commission (PSC) and the Director of the Manufactured Housing and Modular Units Program of the PSC (Director) appeal a writ of prohibition of the Circuit Court of Cole County for Amega Sales, Inc. (Amega). The writ prohibits the PSC and the Director from taking any further action concerning a complaint filed by the Director with the PSC seeking the suspension of Amega's manufactured housing dealer registration, pursuant to § 700.100.3,[1] and authorization from the PSC to pursue civil

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

penalties against Amega, pursuant to § 700.115.2.

The appellants raise three points on appeal. In Point I, they claim that the circuit court erred in issuing the writ of prohibition, with respect to the Director's PSC complaint against Amega, because, pursuant to § 386.510, the court lacked any authority over the PSC and the Director to enjoin, restrain, or otherwise interfere in the performance of their duties. Because we agree with the appellants' claim in Point I, such that the circuit court lacked jurisdiction to grant the writ of prohibition, rendering it null and void *ab initio*, we address Point I alone and dismiss for a lack of jurisdiction in that, because the trial court lacked jurisdiction to act in the first instance, we have no jurisdiction to review the appellants' claims *on the merits*.

### Facts

The PSC is a state administrative agency established by the General Assembly to regulate public utilities in the State of Missouri, pursuant to the provisions of Chapters 386, 392, and 393, RSMo. It also has jurisdiction over manufactured home manufacturers and dealers, pursuant to the provisions of Chapter 700, RSMo, and is specifically responsible for implementing the "Manufactured Home Standards" (MHS) that are codified in §§ 700.010—.115. The Director is a member of the staff of the PSC and is responsible for administering the PSC's Manufactured Housing and Modular Units Program. The respondent, Amega Sales, Inc., is a Missouri corporation and a manufactured housing dealer registered with the PSC, pursuant to Chapter 700, and subject to the MHS.

On August 5, 2003, the Director filed a complaint with the PSC alleging that Amega violated several provisions of the MHS when it sold a manufactured home to Don Higginbotham. The complaint alleged, *inter alia*, that

On March 13, 2002 the Director placed a prohibitive sale notice (Red Tag) on a 2000 Skyline Corporation manufactured home ... (the Higginbotham Home), which was located at the Amega sales lot in Ashland, Missouri, because there were no HUD labels affixed to the home. In addition, the Director informed [Amega] that the Higginbotham Home could not be sold as a new manufactured home.

The complaint also alleged that Amega "falsely represented to the Director that the Higginbotham Home was a used home and would be sold as a used manufactured home," and that in "reliance on those representations, the Director removed the Red Tag from the home on May 29, 2002." The complaint further alleged that Amega sold the Higginbotham home and that "[a]ccording to the bill of sale obtained from Amega, the Higginbotham Home was sold as a new home and the applicable new home sales tax was charged to Mr. Higginbotham." Finally, the complaint alleged that Amega sold the Higginbotham home without the seal required by provisions of the Federal Manufactured Home Construction and Safety Standards. In his complaint against Amega, the Director requested that the PSC suspend the registration of Amega, pursuant to the provisions of § 700.100.3, and authorize him to seek civil penalties from Amega, pursuant to the provisions of § 700.115.2.

On September 2, 2004, the PSC concluded in its "Report and Order," concerning the Director's complaint, that Amega had violated § 700.045 by selling the Higginbotham home without the requisite seal and had violated § 700.100.3(4) by misrepresenting a material fact in connection with the sale of the home. A hearing

was then scheduled to determine the consequences for Amega's violations.

On September 17, 2004, Amega filed its petition for a writ of prohibition in the circuit court. The court entered a preliminary writ on October 5, 2004, prohibiting the PSC and the Director from taking any further action against Amega, except to the extent necessary to dismiss the complaint against Amega. In entering its preliminary writ, the circuit court stated, *inter alia*, that:

> although the PSC undoubtedly may suspend, revoke, or place on probation a dealer's registration under section 700.100.3 if the dealer has violated either section 700.045, which is a misdemeanor statute, or section 407.020, which is a provision within the Missouri Merchandising Practices Act, nonetheless, the PSC does not have jurisdiction to adjudicate, in the first instance, whether any such violation occurred.

This appeal followed.

## I.

In Point I, the appellants claim that the circuit court erred in issuing the writ of prohibition, with respect to the Director's complaint against Amega, because, pursuant to § 386.510, the court lacked any authority over the PSC and the Director to enjoin, restrain, or otherwise interfere in the performance of their duties. We agree.

Section 386.510 provides:

> Upon the hearing the circuit court shall enter judgment either affirming or setting aside the order of the commission under review. In case the order is reversed by reason of the commission failing to receive testimony properly proffered, the court shall remand the cause to the commission, with instructions to receive the testimony so proffered and

rejected, and enter a new order based upon the evidence theretofore taken, and such as it is directed to receive. The court may, in its discretion, remand any cause which is reversed by it to the commission for further action. No court in this state, except the circuit courts to the extent herein specified and the supreme court or the courts of appeals on appeal, shall have jurisdiction to review, reverse, correct, or annul any order or decision of the commission or to suspend or delay the executing or operation thereof, or to enjoin, restrain or interfere with the commission in the performance of its official duties.

The appellants interpret this section to mean that the circuit courts of this state are prevented from enjoining, restraining, or interfering with the PSC and its staff, except to the extent provided in § 386.510. They further interpret it to mean that because that section does not authorize the circuit courts to enjoin, restrain, or interfere with any order or decision of the PSC, but provides only that the circuit court may review and "enter judgment either affirming or setting aside the order of the commission," the circuit courts have no authority to issue writs of prohibition directed to the PSC.

In *State ex rel. A&G Commercial Trucking, Inc. v. Director of the Manufactured Housing & Modular Units Program of the Public Service Commission*, 168 S.W.3d 680, 684 (Mo.App.2005), this court held that, pursuant to § 386.510, the circuit court acted without jurisdiction in granting a writ of prohibition barring the Director or the PSC from taking further action with regard to the Director's complaint charging A & G with engaging in business as an unregistered dealer of manufactured housing. There, A & G made the same argument that Amega makes here, that the circuit courts have jurisdiction to enter writs of prohibition against

administrative agencies because Article V, section 14 of the Missouri Constitution confers superintending jurisdiction over administrative tribunals. *Id.* at 683. That argument was rejected. *Id.* We find nothing to persuade us that *A & G* was wrongly decided. Hence, relying on *A & G*, we find that the circuit court, here, lacked jurisdiction to enjoin the PSC and its staff in the performance of their duties with respect to the Director's complaint, such that the writ, from which this appeal is taken, was void *ab initio.*

Because the circuit court lacked the jurisdiction to enter its writ, this court lacks jurisdiction to review the appellants' claims on the merits because "a judgment entered in excess of, or beyond, jurisdiction of the circuit court is void and deprives the appellate court of jurisdiction to *review the merits." State ex rel. Miss. Lime Co. v. Mo. Air Conservation Comm'n,* 159 S.W.3d 376, 383 (Mo.App. 2004) (emphasis added). Therefore, we need not address the appellants' other points, and we are limited to dismissing this appeal and remanding the cause for dismissal by the circuit court. *Id.*

### Conclusion

For the reasons stated, we dismiss this appeal for a lack of jurisdiction, on the merits, and remand the cause to the circuit court with directions to enter an order setting aside its judgment and dismissing the respondent's petition for a writ of prohibition, for a lack of jurisdiction.

ULRICH and HARDWICK, JJ., concur.