**STATE of Missouri, ex rel., MISSOURI STATE BOARD OF PHARMACY, Respondent,**

v.

**ADMINISTRATIVE HEARING COMMISSION, John J. Kopp, Commissioner, Defendant,**

**Med4home, Appellant.**

No. WD 66401.

Missouri Court of Appeals, Western District.

Feb. 20, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 27, 2007.

Application for Transfer Denied May 29, 2007.

Charles W. Hatfield, Jefferson City, MO, for appellants.

Kathleen Fitzgerald, Jefferson City, MO, for respondents.

Before LOWENSTEIN, P.J., SPINDEN and NEWTON, JJ.

HAROLD L. LOWENSTEIN, Judge.

## I. FACTS

This appeal arises from the granting of a writ of prohibition which prohibits the Administrative Hearing Commission ("AHC") from enforcing its order compelling the Missouri Board of Pharmacy ("The Board") to produce the personnel records of Tom Glenski, an inspector for the Board.

The Board initiated the underlying action before the AHC, seeking to discipline Med4Home's pharmacy license based on an investigation conducted by Glenski. In discovery requests submitted to the Board, Med4Home requested Glenski's personnel records. The Board objected, stating that the records were closed under Section 610.021(3) R.S.Mo,[1] part of Missouri's "Sunshine Law." After hearing arguments from both parties, AHC Commissioner John Kopp issued an order compelling the Board to provide Med4Home with Glen-

---

1. All statutory references are to Missouri Revised Statutes, 2005 Cumulative Supplement, unless otherwise noted.

ski's personnel records, holding that the Board failed to show that it had closed the requested documents as authorized in Section 610.021(3).

The Board applied for a writ of prohibition from the Cole County Circuit Court. The court issued a preliminary writ and show cause order, then, after oral argument, made the writ absolute. The court held that "pursuant to Sections 610.021(3) and 610.021(13) ... such records are closed and not subject to discovery." Med4Home appeals.

## II. DISCUSSION

### A. JURISDICTION

■ Med4Home argues that the circuit court lacked the authority to issue a writ of prohibition to the AHC prohibiting the commission from enforcing its order compelling the Board to produce Glenski's personnel records.

Article V, section 18, of the Missouri Constitution provides that, absent a statute or other law to the contrary, the Supreme Court shall promulgate rules directing how Missouri courts will review administrative decisions, findings, rules, and orders. Rule 100.01 states that the Missouri Administrative Procedure Act, specifically Sections 536.100 through 536.150, "shall govern procedure in circuit courts for judicial review of actions of administrative agencies unless the statute governing a particular agency contains different provisions for such review."

The case at bar involves a decision of the AHC, which is shaped and governed by Chapter 621 of the Missouri Revised Statutes. Section 621.145 provides that "all final decisions of the administrative hearing commission shall be subject to judicial review as provided in and subject to the provisions of sections 536.100 through 536.140" except as otherwise provided by law. Section 536.150(1) authorizes judicial review by extraordinary writ of some agency decisions, but Section 621.145, which establishes the scope and required procedure for judicial review of AHC decisions, does not include Section 536.150. This is consistent with Section 536.150(2), which states that contested cases (such as those adjudicated by the AHC) are not subject to review by extraordinary writ. To further complicate matters, the case at bar does not involve a final order or determination. Rather, the Board sought the circuit court's review of the AHC's order compelling disclosure of personnel records.

■ However, "[a]n important exception ... to the constitutional and statutory constraints placed on judicial review of administrative action is the power of the courts to issue and determine original remedial writs against administrative officers and bodies.'" *State ex rel. Miss. Lime Co. v. Mo. Air Conservation Comm'n*, 159 S.W.3d 376, 381 (Mo.App.2005) (quoting I Mo. ADMINISTRATIVE LAW § 7.1 (Mo.Bar 3rd ed.2000)). Article V, section 4.1 of the Missouri Constitution grants the Supreme Court and Courts of Appeals both the power to "issue and determine" remedial writs as well as "superintending control" over "tribunals." The Constitution does not, however, explicitly grant circuit courts superintending control over tribunals for the purpose of issuing writs. *Miss. Lime*, 159 S.W.3d at 381–82. In fact, article V, section 4 was amended on August 3, 1976. Prior to the 1976 amendments article V, section 4 granted circuit courts superintending authority over tribunals as well as authorized circuit courts to issue and determine remedial writs, but the 1976 amendments ostensibly eliminated this authority. *Miss. Lime*, 159 S.W.3d at 381 n. 5. Thus, from reviewing the relevant statutory and constitutional provisions, it would appear that circuit courts do not possess the authority to issue writs to administra-

tive tribunals. If that is the case, then the circuit court lacked the jurisdiction to issue a writ of prohibition.

However, our Supreme Court has tacitly considered and endorsed a circuit court's jurisdiction to issue a writ of prohibition directed to an administrative agency.[2] In *State ex rel. Riverside Joint Venture v. Missouri Gaming Commission*, 969 S.W.2d 218 (Mo. banc 1998), the Supreme Court quashed the circuit court's writ of prohibition on due process grounds. In that case, the court issued the writ to "pretermit the Commission's consideration of the issues before it," which the Supreme Court rejected as inconsistent with the recognized purposes of a writ of prohibition. *Id.* at 222. Though the Supreme Court did not address the issue of whether the circuit court possessed the authority to issue a writ of prohibition to an administrative agency, this court may infer that the Supreme Court considered the issue because the Court is "required to examine its jurisdiction *sua sponte.*" *In re Marriage of Werths*, 33 S.W.3d 541, 542 (Mo. banc 2000). Therefore, this court must assume that the Supreme Court examined its jurisdiction in *Missouri Gaming Commission* and, without discussing the issue in its opinion, determined that the circuit court had jurisdiction to issue the writ to the commission. *Miss. Lime*, 159 S.W.3d at 382–83. This court is bound to follow the latest decision of the Supreme Court. Mo. CONST. art. V, section 2. Based on the above cases, this court must conclude that the circuit court in this case had jurisdiction to issue a writ of prohibition to the AHC.

## B. STANDARD OF REVIEW

■ Prohibition is the proper remedy for abuse of discretion by the trial court (here the AHC) during discovery. *State ex rel Ford Motor Co. v. Messina*, 71 S.W.3d 602, 607 (Mo. banc 2002). Trial courts have broad discretion in administering the rules of discovery and only abuses its discretion if its order is clearly against the logic of the circumstances, is arbitrary and unreasonable, and indicates a lack of careful consideration. *Id.* (citing *Giddens v. Kansas City S. Ry. Co.*, 29 S.W.3d 813, 819 (Mo. banc 2000)).

## C. ABUSE OF DISCRETION

■ Med4Home contends that the circuit court erred in issuing a writ of prohibition to the AHC prohibiting the commission from enforcing its order compelling the Board to produce personnel records relating to Glenski. The Board supports the circuit court's decision, arguing that the AHC abused its discretion by ordering production of the personnel records because the records were private, confidential, and "closed" under Section 610.021, RSMo. Med4Home asserts that the AHC did not abuse its discretion by ordering production of the records because the records in question were discoverable, not privileged, and not properly closed as authorized in Section 610.021.

Section 610.021(13) provides that, "[e]xcept to the extent disclosure is otherwise required by law," a public governmental body is authorized to close records to the extent they relate to "[i]ndividually identifiable personnel records, performance ratings or records pertaining to employees." Similarly, under Section 610.021(3) a public governmental body is authorized to close records regarding the "[h]iring, firing, disciplining or promoting of particular em-

---

2. *See also Mississippi Lime,* 159 S.W.3d at 382 n. 8, for a string citation of Missouri cases in which courts have implicitly considered and endorsed a circuit court's authority to issue original writs to administrative agencies.

ployees" by a public governmental body when personal information (defined as "information relating to the performance or merit of individual employees") is "discussed or recorded." Glenski's personnel records certainly fall within the category of records that can be closed under Section 610.021(13) and arguably could be covered by Section 610.021(3) as well.

■ While Glenski's personnel records could be closed to the public under Section 610.021, the AHC did not abuse its discretion in finding that the records were not closed and, therefore, discoverable. Assuming, *arguendo,* that Section 610.021 even applies to the disclosure of records through the discovery process, there is nothing in the record that indicates the Board actually closed the records before Med4Home requested them. On page 3 of its Order, the AHC found, based on the testimony of the parties and the record before it, that the Board "did not show that it has closed the requested documents as authorized" in Section 610.021 and overruled the Board's objection. The record and testimony presented before the Board is not part of the record presented to this court, but in its petition for writ of prohibition to the circuit court, the Board summarily states that the Board "treats" personnel records as closed and "maintains" personnel records as confidential. The Board does not cite any Board policy, any applicable statute or regulation, or any other method through which the Board in fact took steps to close the records. After the AHC entered its order compelling the Board to provide Med4Home with the requested personnel records, Kevin Kinkade, Executive Director for the Board, executed an affidavit stating that "the Board has closed" the personnel records of all employees. This affidavit was executed two days after the AHC entered its order compelling the production of the records, so it

was not part of the record before the AHC and was not considered in its decision. "The reviewing court is limited to the record made in the court below." *State ex rel. Chance v. Sweeney,* 70 S.W.3d 664, 668 (Mo.App.2002) (citing *State ex rel. Terry v. Holtkamp,* 330 Mo. 608, 51 S.W.2d 13, 16 (banc 1932)). Any persuasive effect this document may have had on the circuit court was improper.

In sum, it was not an abuse of discretion for the AHC to conclude that the Board did not take the necessary steps to close the records.

Further, assuming that Section 621.021 applies to pretrial discovery issues like those presented in this case, the language of the statute itself indicates that the personnel records in question are not included. Under Section 610.021, certain public documents may be closed "[e]xcept to the extent disclosure is otherwise required by law." Missouri Rule 56.01(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action." There is no question that information regarding Glenski, the investigator seeking to discipline Med4Home's pharmacy license, is highly relevant to this matter. Indeed, he is likely the only person involved in the case with knowledge of the facts underlying the investigation. Rule 56.01(b)(1) further provides that if the information sought appears reasonably calculated to lead to the discovery of admissible evidence, the fact that the information sought might be inadmissible at trial is not grounds to withhold the information. Therefore, even if the information contained in Glenski's personnel records are inadmissible at the hearing, that information is certainly "reasonably calculated" to lead to the discovery of admissible evidence, given Glenski's cen-

tral role in both the investigation of Med4Home and the trial.

The relevance of Glenski's personnel records is clear, as is the substantial risk that irrelevant personal information about Glenski could be revealed with full disclosure of his personnel records. Therefore, pursuant to Rule 56.01(c), this court requests that the AHC conduct an *in camera* review of the records, subject to a valid request by the Board for a protective order, which "will provide the opportunity to determine which matters are not relevant to the lawsuit." *State ex rel Tally v. Grimm,* 722 S.W.2d 604, 605 (Mo. banc 1987).

The writ of prohibition entered by the circuit court is quashed. The case is to be returned to the AHC.

All concur.