STATE of Missouri ex rel. Christopher
V. ADKINS, Relator,

v.

The Honorable G. Stanley MOORE,
Judge, Circuit Court of Laclede Coun-
ty Missouri, Twenty–Sixth Judicial
Circuit, Respondent.

No. SD 31503.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 25, 2011.

David R. Adair, Springfield, MO, for
Relator.

Ryan E. Murphy, Springfield, MO, for
Respondent.

Before BARNEY, J., BATES, J. and
SCOTT, J.

PER CURIAM.

Relator Chris Adkins seeks a writ of
prohibition to prohibit the Honorable G.
Stanley Moore, Circuit Judge (Respon-
dent), from enforcing his order prohibiting
Adkins from conducting any further dis-
covery prior to trial. Adkins argues that
Respondent abused his discretion by en-
tering the order. Having reviewed and
considered Adkins' petition and exhibits,
as well as Respondent's suggestions in op-
position, we find that the facts and law are
clear and that Respondent did abuse his
discretion by entering that order. Accord-
ingly, in the interest of justice, we hereby
dispense with all further procedure in this
matter and issue a peremptory writ in
prohibition. Rule 84.24(j) and (l).[1]

In May 2007, Thomas Huseman (Plain-
tiff) filed a lawsuit against Christopher
Adkins (Defendant) in the Circuit Court of

---

1. All rule references are to Missouri Court Rules (2011).

Laclede County, Missouri. The petition alleged that Defendant negligently caused injuries to Plaintiff in an automobile collision. The docket sheet reflects that, after service was obtained, both parties actively engaged in discovery via interrogatories, requests for production and notices to take depositions.

On July 11, 2008, the 26th Judicial Circuit revised its local rule governing the setting of cases for trial. In relevant part, this local rule states:

> *Requests for trial settings shall state that discovery is complete,* the estimated time requested for the trial of the case, and whether trial by jury is waived. Unless an opposing party contradicts any such statements by filing an objection to the request for trial setting, opposing parties shall be deemed to concur in the statements made including, but not limited to, whether the case is to be tried before a jury or the court.

26th Judicial Circuit Local Rule 36.1(1) (italics added).

On November 10, 2008, Plaintiff's counsel filed a request for a trial setting. In relevant part, the request simply stated that the Plaintiff "requests a trial setting in this matter at the earliest available jury setting for the court. It is estimated that the trial will last three days." This request did not comply with local rule 36.1(1) because it did not state that discovery was complete.

On February 27, 2009, Plaintiff filed a second request for a trial setting. Once again, this request did not comply with local rule 36.1(1) because it did not state that discovery was complete. Plaintiff's request for a trial setting was taken up by Respondent on March 11, 2009. Respondent's docket entry states: "Case called. Parties appear. Cause to be set for 3 day Jury Trial." On April 7, 2009, Respondent directed that the case be set for a three-day jury trial on June 28, 2010. A pretrial conference was scheduled for April 6, 2010.

After Plaintiff's second request for a trial setting was filed, both parties continued to engage in discovery. In March 2009, Plaintiff filed his first request for admissions which Defendant answered in due course. In August 2009, Defendant took the deposition of a witness at Plaintiff's place of employment. In February 2010, Plaintiff filed a supplemental interrogatory answer disclosing that: (1) he had not identified any retained experts in the case; but (2) he reserved the right to call any and all of his treating physicians as non-retained experts. In March 2010, Plaintiff filed a second supplemental interrogatory answer identifying four non-retained physician experts that he expected to call at trial: Dr. Paul Olive, Dr. Thomas McClain, Dr. John Ferguson and Dr. Vincent Runnels.

On April 23, 2010, Defendant's attorney filed a motion for continuance. The motion stated that both parties had been unsuccessful in obtaining medical depositions and that Plaintiff had recently endorsed a retained expert in Arkansas. On May 25, 2010, defense counsel also sent Respondent a letter stating that Plaintiff was obtaining new counsel and agreed with the request for a continuance. On May 27, 2010, Respondent made the following docket entry: "Court contacted by [defense counsel] by letter—[Respondent] continues trial setting and approves case be reset for jury trial." On June 2, 2010, Respondent set the case for jury trial on August 29, 2011. The pretrial conference was scheduled for August 2, 2011.

On September 20, 2010, Plaintiff filed his third supplemental interrogatory answers disclosing Dr. James Schaeffer as a retained expert. Between March 3 and March 18, 2011, both Plaintiff and Defendant filed notices to take Dr. Schaeffer's

deposition. Plaintiff requested that the deposition be videotaped. On March 30, 2011, Defendant also filed notices to take the depositions of Wayne Capps, Diana Huseman Richardson and Michael Brandt. Capps' deposition was taken. Neither Richardson nor Brandt appeared for their scheduled depositions. On June 23, 2011, Plaintiff filed a notice to take the videotaped deposition of his non-retained expert, Dr. Runnels. On July 27, 2011, Plaintiff filed his fourth supplemental answers to interrogatories and his second supplemental responses to the request for production of documents. On August 1, 2011, Defendant filed a notice to take the deposition of Plaintiff's non-retained expert, Dr. Ferguson.

The parties appeared for the pretrial conference on August 2, 2011. Respondent was told that Dr. Ferguson's deposition was scheduled for August 5th and that Dr. Runnels' deposition was scheduled for August 17th. Relying upon local rule 36.1(1), Respondent stated that discovery was closed when Plaintiff requested a trial setting. Respondent then entered a written order stating that "defendant is prohibited from proceeding with any further discovery in this matter including, but not limited to, defendant's attempt to take the deposition of Dr. Ferguson on August 5, 2011."

Defendant filed a petition for a writ of prohibition with this Court. After reviewing the petition and exhibits, as well as Respondent's suggestions in opposition, we determined that Respondent abused his discretion by entering the above-referenced order. In the interest of justice, we dispensed with all further procedure in this matter to preserve the current trial setting. *See* Rule 84.24(j). As permitted by Rule 84.24(*l*), we issued a peremptory writ in prohibition on August 12, 2011 and noted that an opinion would follow. Our reasons for issuing this peremptory writ are set out below.

Prohibition is the proper remedy when a trial court issues a discovery order that is an abuse of discretion. *State ex rel. Sanders v. Sauer*, 183 S.W.3d 238, 239 (Mo. banc 2006); *State ex rel Ford Motor Co. v. Messina*, 71 S.W.3d 602, 607 (Mo. banc 2002). A trial court abuses its broad discretion in administering the rules of discovery when its order is clearly against the logic of the circumstances, is arbitrary and unreasonable and indicates a lack of careful consideration. *State ex rel. Missouri State Bd. of Pharmacy v. Administrative Hearing Comm'n*, 220 S.W.3d 822, 825 (Mo.App.2007).

The 26th Judicial Circuit's local rules about discovery are contained in Rule 32. Local rule 36.1(1) only addresses trial setting requests. It does not purport to govern or bar discovery after a case is set and the parties plainly did not it read it that way. In addition, such an interpretation of that rule would be hard to reconcile with Rule 56.01(e)'s supplementation requirements and the practicalities involved in twice setting the case for trial more than a year in the future. For Respondent to have interpreted local rule 36.1(1), with no prior notice and no such request by either party, as a bar to one party finishing its discovery was clearly against the logic of the circumstances, arbitrary, unreasonable and indicative of a lack of careful consideration. *Missouri State Bd. of Pharmacy*, 220 S.W.3d at 825. Accordingly, we hereby enter a peremptory writ in prohibition by which we order Respondent to immediately vacate his order of August 2, 2011 and permit Defendant to proceed with discovery, including the taking of Dr. Ferguson's deposition.